Filed 11/15/13  P.  v. Contreras CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058581 |
| v. | (Super.Ct.No. INF1102281) |
| SANDRA LILLIANA CONTRERAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard A. Erwood, Judge.  The appeal is dismissed.[1]

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

---

[1] Defendant filed a petition for writ of mandate on this issue (case No. E059200), which we ordered considered with this appeal.  We will resolve that petition by separate order.

In this classic case of "buyer's remorse," defendant and appellant Sandra Lilliana Contreras seeks reversal of her conviction by way of guilty plea to three counts of assault with a deadly weapon and one count of leaving the scene of a vehicle accident. (Pen. Code, § 245, subd (a)(1); Veh. Code, § 20001, subd. (a).)

We find that defendant's appeal is not cognizable, because the trial court correctly refused to issue a certificate of probable cause.

## I

## STATEMENT OF FACTS

Because the facts of the case are not in issue, we will be brief. The incident occurred at a nightclub parking lot.[2] The victims were intending to enter their vehicles when another vehicle parked in the lot began to reverse in their immediate vicinity. After one of the victims was nearly hit and rapped defendant's car in remonstration, defendant first began to drive away but then reversed towards the victims' group. After an exchange of words, defendant apparently then maneuvered her vehicle back and forth, striking three victims, one of them twice. Victim M.F. suffered severe and permanent injuries to one of her legs, which was pinned between two vehicles when she was struck.

The preliminary hearing was held on March 6, 2012. After several continuances, trial was set for February 5, 2013.

On that date, however, defendant entered an "open plea" of guilty to all four counts, and admitted great bodily injury enhancements with respect to count 1 under

---

[2] The facts are taken from the evidence received at the preliminary hearing.

2

Penal Code section 12022.7, subdivision (a), and permanent serious injury enhancements with respect to count 4 under Vehicle Code section 20001, subdivision (b)(2). At sentencing, the court imposed the upper term of four years for the injury count (count 1), plus three years for the great bodily injury enhancements; the terms for the other three counts (counts 2-4) were imposed to run consecutively, for a total of 10 years.

Defendant filed a timely notice of appeal and requested a certificate of probable cause. The notice of appeal stated as grounds that "[defendant] states that she did not understand what she was agreeing to when she pled guilty. [Defendant] states that her attorney did not properly explain the plea to her." The trial court *denied* the request.

II

THE PLEA FORM

In her opening brief, defendant argues that her plea was invalid because the trial court, in accepting the plea, did not expressly ask defendant whether she *understood* the contents of the plea form and the "[n]ature of the [c]onstitutional [w]aivers [s]et [f]orth in the [p]lea [f]orm [t]hat [s]he [h]ad [e]xecuted." She does not deny that she signed a standard "change of plea" form, which properly advised her of the relevant constitutional rights, or that she placed her initials beside each listed right. She also initialed the line confirming that she had had "adequate time to discuss with my attorney (1) my

3

constitutional rights, (2) the consequences of any guilty plea, and (3) any defenses I may have to the charges against me."[3]

In accepting the plea, the court first confirmed that defendant had signed and initialed the form before it.  It then took defendant's plea, and ensured that she understood that the great bodily injury enhancement made her ineligible for probation, that the three charges under Penal Code section 245 were "strikes," and that her driver's license would be permanently revoked.

III

THE APPEAL AND WRIT PETITION

Defendant simultaneously filed her opening brief and a petition for writ of mandate.  The latter sought to have this court compel the superior court to issue a certificate of probable cause.  Because the appeal seeks to challenge the validity of the plea, she recognized (and does not here contest) that the certificate is a prerequisite to her appeal.  (Pen. Code, § 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 75-76.)  If the trial court has abused its discretion in denying the request for a certificate of probable cause, a writ petition seeking to have the appellate court compel issuance of the certificate is the proper remedy.  (*People v. Johnson* (2009) 47 Cal.4th 668, 676.)

---

[3] She also waived her right to appeal.  The People do not rely on this waiver to challenge the purported appeal.

4

## IV

## DEFENDANT IS NOT ENTITLED TO A CERTIFICATE OF

## PROBABLE CAUSE

The purpose of Penal Code section 1237.5's requirement is to weed out meritless appeals by providing a mechanism through which the trial court can determine, in a "gatekeeper" function, whether the proposed appeal raises any nonfrivolous cognizable issue going to the legality of the proceedings. (See *People v. Brown* (2010) 181 Cal.App.4th 356, 359.) The trial court must issue the certificate if the notice of appeal states such an issue, and once the certificate has been issued, the defendant may raise *any* issues on appeal. (*People v. Johnson*, *supra*, 47 Cal.4th 668 at p. 676.)

So let us examine the notice of appeal. It stated that "she did not understand what she was agreeing to" and that her attorney "did not properly explain the plea to her." This stated *no cognizable grounds for appeal* because any such claim would necessarily involve evidence *outside the record*.[4] Therefore, defendant would have been required to try and raise these issues through a procedural vehicle such as a petition for writ of habeas corpus. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267; *People v. Black* (2009) 176 Cal.App.4th 145, 153.) Thus, the trial court certainly did not abuse its discretion in determining that the notice of appeal stated no nonfrivolous grounds for appeal.

---

[4] Counsel on appeal apparently recognizes this because, as we discuss below, the claim defendant wishes to raise on appeal is *not* based upon either her subjective understanding or the specifics of any advice, or lack of advice, by trial counsel. Rather, it is based upon what defendant characterizes as omissions clear from the appellate record.

Hence, we will summarily deny the petition for writ of mandate and the appeal must be dismissed.

However, out of an excess of caution, we will also very briefly explain why defendant's appeal would have been unsuccessful on the merits.

Defendant argues that her plea is facially invalid because the trial court did not orally confirm with her that she "understood" the contents of the change of plea form and the constitutional rights she waived therein. But it is well established that the trial court, in taking a plea of guilty, may rely on the defendant's execution of a properly worded plea form to support the conclusion that the defendant has been informed of and agreed to waive his or her *Boykin-Tahl* rights.[5] (*In re Ibarra* (1983) 34 Cal.3d 277, 285 [disapproved on other grounds in *People v. Howard* (1992) 1 Cal.4th 1132, at pp. 1174-1175].) Knowledge of these rights is a simple way to determine whether the defendant's plea is voluntary and intelligent. (*People v. Howard*, *supra*, 1 Cal.4th 1132, at pp. 1174-1178.)

Defendant relies on language in *Ibarra,* which states that the "judge need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney. If the questioning of defendant and his attorney leads the judge to believe that the defendant does not fully comprehend his rights . . . the judge

---

[5] Before accepting a plea of guilty, the court must ensure that the defendant has been advised of three crucial constitutional rights—the privilege against self-incrimination, the right to trial by jury, and the right to confront witnesses. (*Boykin v. Alabama* (1969) 395 U.S. 238, 243; *In re Tahl* (1969) 1 Cal.3d 122, 132.)

must conduct further canvassing of the defendant to ensure a knowing and intelligent waiver of rights." (*In re Ibarra, supra*, 34 Cal.3d 277 at p. 286.)

We do not read this as imposing a talismanic duty on the trial court to ask the defendant "Do you understand your rights?" or, still less to go through each right individually and grill the defendant as to his or her comprehension of the right. In this case the "felony plea form" not only lists the rights being waived, but explains them in simple terms. For example, the Fifth Amendment right is explained as meaning that "I cannot be forced to testify against myself, but I also have the right to testify in my own defense if I choose to do so." The form also included counsel's affirmation that he was satisfied that defendant understood her rights and that she was waiving them. At the change of plea hearing, defendant confirmed that she was entering the plea freely and voluntarily.

Under these circumstances we do not believe the trial court had any obligation to go further and quiz defendant concerning the level and extent of her "understanding" of her crucial rights before the plea could be considered intelligent and voluntary in the constitutional sense. Cases in which incomplete advisals were given, or in which the defendant never executed a change of plea form, are not applicable. (E.g., *People v. Christian* (2005) 125 Cal.App.4th 688.)[6]

---

[6] In *Christian,* the trial court turned the job of advisals over to the prosecutor, who obtained a waiver of the right to jury trial, but forgot about self-incrimination and confrontation of witnesses. (*People v. Christian, supra*, 125 Cal.App.4th 688 at pp. 692-693.)

Hence, even if the notice of appeal had stated legally tenable grounds for an appeal, the appeal would not succeed.

V

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

KING
J.

8