[No. B201309. Second Dist., Div. Four. Mar. 11, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JOEY WAYNE EARP, Defendant and Appellant.

COUNSEL

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven D. Matthews and Paul M. Roadarmel, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SUZUKAWA, J.**—Defendant Joey Wayne Earp was sentenced to state prison pursuant to his no contest plea. Prior to sentencing, he sought to withdraw his plea. As will be illustrated below, his attempt set into motion a series of events that left the parties and the trial court thoroughly confused. Defendant complains that in the end, his constitutional right to counsel was violated. We agree and reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with possession of methamphetamine for the purpose of sale, in violation of Health and Safety Code section 11378. On March 17, 2006, the People amended the complaint to allege that defendant had previously been convicted of first degree burglary (Pen. Code, § 459),[1] a serious felony within the meaning of sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (i). Defendant agreed to plead to the charge and admit the prior conviction.

As part of the plea agreement, defendant was to be released from custody pending sentencing. The court warned him as follows: "If you don't come back or you pick up a new case or you're picked up for using or you violate the terms of your other probation, you are going to prison." The court explained that the minimum prison sentence was 32 months and the maximum sentence was six years. Defendant acknowledged that he understood. Defendant was on probation on another matter, and the court stated that it was "not guaranteeing you're not going to prison when you come back" to be sentenced. He again said that he understood. Defendant pled no contest to the charge and the prior conviction allegation.

Defendant managed to violate three of the court's conditions of his release. On April 19, 2006, defendant failed to appear for sentencing. He was later arrested and convicted of another drug-related offense in Riverside.

On June 5, 2007, defendant was in court to be sentenced pursuant to his plea. The deputy public defender, who was not defendant's counsel when he entered his plea, informed the court that defendant was interested in withdrawing his no contest plea. When asked by the court to give a reason for his request, defendant replied, "Under the grounds they gave me false pretenses on making me plead guilty. They lied to me. They had me plead to something that wasn't going to happen."

The deputy district attorney, who was present at the time defendant entered his plea, told the court that defendant was released pursuant to the plea agreement and was warned that he would be sentenced to prison if he failed to return for sentencing. The deputy public defender stated that she went over the plea transcript with defendant, and specifically pointed out the colloquy where the court told defendant that he would be sentenced to prison if he failed to return for his hearing and defendant responded that he understood.

The court asked the deputy public defender if it was fair to assume that she was not moving to withdraw defendant's plea. She responded by stating that

---

[1] All further statutory references are to the Penal Code.

it depended on the specifics of defendant's claim. If he was contending that the previous deputy public defender misled him, there was a potential conflict. On the other hand, "If he's saying the court and the D.A. [misled him], well, you know, I'm making a motion now." She said she had nothing to add regarding defendant's request other than to point out that he did attend A.A. (Alcoholics Anonymous) meetings, as required by the terms of the plea, and that defendant failed to return to court because his son had been involved in an accident.

Defendant reiterated that he wanted to withdraw his plea. When the court asked for the basis for his request, he replied, "Basis? Like I said, I think they misjudged me and gave me false things—didn't fall [*sic*] through with them." He then complained that the prior conviction he admitted was based on a 1980 case. At that point, defense counsel asked the court to consider placing defendant on probation. When the court indicated that a 32-month prison sentence was appropriate, counsel asked to speak with defendant. The court again asked if there was a legitimate basis for it to consider allowing defendant to withdraw his plea.

After conferring with defendant off the record, counsel told the court: "Well, when I specifically asked him the question that if he thinks the former PD misrepresented to him on the last court date—he's saying, 'Yeah.' Based on that, I think there's a conflict because I don't know how I can file a motion if the basis of the motion is my office misrepresented something to him." She then declared a conflict and asked to be relieved as counsel of record.

The court relieved the office of the public defender and provisionally appointed the alternate public defender, pending a finding that the office did not have a conflict of interest.

After the noon recess, the court recalled the matter. Defendant was present; however, he was without counsel. The deputy public defender informed the court that she had interviewed defendant for a half-hour during the break. She said that after fully discussing the case with defendant, she determined that there was neither a conflict nor a legal basis for defendant to withdraw his plea. She stated that she "will not be joining or filing any motion because I do not believe there's any sort of legal basis, and I'm not obligated to file a motion if there's no legal basis to do so."

After determining that defendant still wanted to withdraw his plea, the court said that it believed that it would have to appoint new counsel, forgetting that it had already done so. The deputy public defender replied, "in speaking to some supervisors in my office, that is not the public defender's

position. Because our position is that every time a client would come to court and say they want a plea withdrawn or say that our office is doing something wrong, the court would relieve our office and appoint someone [new]." After reiterating that there was no legal basis for defendant to withdraw his plea, counsel argued there was no reason to appoint new counsel. She contended that if defendant was claiming someone in her office was incompetent, "I think that's more of—sort of a *Marsden* issue.[2] I don't think that's an issue where my office is relieved and then we just appoint someone new. If he has something he has to say about our office or something the attorney from my office did, I think that's more of *Marsden* issue the court can hear and decide if there was something lacking. But I don't know that there's a basis to just appoint a new lawyer."

The deputy district attorney asked the court to ascertain the nature of the "lie" defendant was referring to, as it might provide a basis for understanding his request. For the third time, the court asked defendant to explain why he wanted to withdraw his plea. Defendant answered, "The basis is that the whole deal here is the judge said that she didn't want me to go to prison. She wanted me to get off drugs. That was the whole thing behind the whole deal. She wanted me to go to meetings, go to N.A. meetings. The whole purpose of the deal was not to send me to prison so I can get off drugs. You know what I mean? That's why right now I don't understand the whole deal. You guys want to send me straight to prison. You haven't offered a drug program. Nothing. The whole deal is over drugs."

When the court reminded defendant that he had been warned that he could be sentenced to up to six years in prison, he replied, "I don't remember that part." After the court read from the plea transcript, defendant acknowledged that "the deal was 32 months with the strike already. That was the deal."

The court asked defendant if he had any other reasons for his request to withdraw his plea. He complained about the conduct of officers involved in his latest arrest, and repeated that he wanted to plead not guilty. He stated that he was told he would get probation, but "[t]hat was a lie." He complained that he didn't deserve the indicated prison sentence for failing to return to court.

The court did not inquire further into the deputy public defender's claim that a conflict of interest no longer existed. Nor did it ask defendant whether he believed a conflict still existed. The court vacated the order relieving the public defender's office and appointing the alternate public defender, finding that defendant "has not articulated any possible grounds at this point for the

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].

withdrawal of his plea. To appoint the alternate public defender at this time to pursue the grounds [defendant] suggests would be futile since there would be no basis to withdraw the plea."

As the court began to impose sentence, the deputy district attorney pointed out that defendant had pled before a different judge and no *Arbuckle* waiver had been taken.[3] We assume defendant refused to waive his *Arbuckle* rights, as he was sent to the courtroom of the judge who had taken his plea. Defendant did not renew his request to withdraw his plea, and he was sentenced to four years in state prison.

## DISCUSSION

### I.  *The Attorney General's Motion to Dismiss the Appeal*

The Attorney General contends that an appeal from the denial of a motion to withdraw a plea requires a certificate of probable cause. (§ 1237.5.) He argues that defendant's failure to procure one requires that his appeal be dismissed. (*People v. Shelton* (2006) 37 Cal.4th 759 [37 Cal.Rptr.3d 354, 125 P.3d 290].)

Defendant responds by pointing out that he is not appealing the denial of his motion to withdraw his plea. Defendant concedes that if his motion to withdraw had been heard and denied, he would have been required to obtain a certificate of probable cause. He contends he did not have an opportunity to present his motion. He asserts error was committed during postplea events. First, the court should not have reappointed the public defender's office after it had relieved the office as counsel for defendant. Moreover, it was error for the court to entertain the deputy public defender's request in the absence of defendant's newly appointed counsel. Second, even if the court properly reappointed the deputy public defender, she had an obligation to move that defendant's plea be withdrawn. We agree with defendant that he is not attacking the validity of his no contest plea. Instead, he has a quarrel with the postplea events that led to his state prison sentence. Thus, we conclude that his appeal is appropriately before us despite his failure to comply with section 1237.5. (See *People v. Vera* (2004) 122 Cal.App.4th 970, 978 [18 Cal.Rptr.3d 896].)

### II.  *The Court's Reappointment of the Public Defender's Office*

As noted, the trial court relieved the deputy public defender after she declared a conflict. After speaking with defendant during the noon recess, the

---

[3] *People v. Arbuckle* (1978) 22 Cal.3d 749 [150 Cal.Rptr. 778, 587 P.2d 220].

deputy public defender returned to court and asked that the office be reappointed to represent him. She asserted that after she conducted "a longer interview with my client about what had happened in this case," she concluded, "[t]here is no conflict here." Defendant argues that when the court relieved the public defender's office, "the deputy Public Defender lacked the authority to speak with [defendant] without a representative from the Alternate Public Defender's Office being present." He also contends that the trial court should not have heard the deputy public defender's request to be reappointed without the presence of defendant's counsel of record, the alternate public defender. We agree.

■ When the deputy public defender declared a conflict of interest, the court properly allowed her to withdraw as defendant's counsel. (*Uhl v. Municipal Court* (1974) 37 Cal.App.3d 526, 527–528 [112 Cal.Rptr. 478].) It correctly appointed new counsel to represent defendant. Defendant had a right to have that attorney present before the court conducted further proceedings in open court. (See *Hamilton v. Alabama* (1961) 368 U.S. 52, 54–55 [7 L.Ed.2d 114, 82 S.Ct. 157].) The United States Supreme Court has "uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." (*United States v. Cronic* (1984) 466 U.S. 648, 659, fn. 25 [80 L.Ed.2d 657, 104 S.Ct. 2039]; see also *In re Johnson* (1965) 62 Cal.2d 325, 329 [42 Cal.Rptr. 228, 398 P.2d 420] [under the California Constitution, a defendant has the right to the assistance of counsel at all stages of the proceedings].) ■ Here, the trial court left defendant with the task of trying to convince the court that he had a legal basis for withdrawing his plea and receiving new appointed counsel. This was error.

The Attorney General suggests that "at the time Judge Landin ruled on [defendant's] motion, the Public Defender's Office had been reappointed, and appellant was therefore represented by counsel." That begs the question. The issue is whether the trial court properly proceeded to hear the request of relieved counsel without the presence of defendant's *new appointed counsel.* We have concluded it did not.

We do not address the issue whether new counsel is required to request that defendant be allowed to withdraw his plea. After reviewing the record, we are not unmindful of the fact that further proceedings may very well result in the same outcome. Nonetheless, we cannot overlook the fact that defendant was deprived of his right to counsel.

## DISPOSITION

The judgment is reversed. The matter is remanded for the trial court to conduct further proceedings with the alternate public defender as defendant's counsel, hear any motions relevant to defendant's plea, and, if appropriate, hold a new sentencing hearing.

Epstein, P. J., and Willhite, J., concurred.