[No. B211558. Second Dist., Div. Four. Jan. 26, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
DERRICK LAMONT BROWN, Defendant and Appellant.

## COUNSEL

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Stephanie C. Brenan and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**EPSTEIN, P. J.**—Derrick Lamont Brown claims he was denied his right to bring a motion to withdraw his plea when his retained counsel announced he was unable to make the motion due to a conflict and the trial court refused to appoint new counsel for purposes of the motion. We dismiss the appeal because appellant failed to obtain a certificate of probable cause, as required by Penal Code section 1237.5.[1]

### FACTUAL AND PROCEDURAL SUMMARY

Appellant was charged with possession of a firearm by a felon (count 1), possession of cocaine base for sale (count 3), possession of a controlled substance for sale (count 4), and possession of marijuana for sale (count 5). As to counts 3 and 4, it was alleged that appellant was armed with a firearm. It also was alleged that he had suffered a prior juvenile adjudication that qualified as a strike, and a drug prior.

Appellant joined a codefendant's motion to suppress evidence, which was denied. Appellant then pled no contest to one count of possession of cocaine for sale and admitted the gun allegation and strike prior in exchange for an agreed sentence of nine years.

At the start of the sentencing hearing, appellant's retained attorney informed the court that appellant wanted to withdraw his plea, but that counsel could not make the motion on appellant's behalf because of a conflict.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

Appellant told the court he could not afford to hire a new attorney and asked the court to appoint a lawyer to bring the motion. The court asked counsel to elaborate on the grounds for the motion, but counsel was unable to answer because the answers would require him to reveal some confidences. In answer to further questioning, counsel suggested the grounds for the motion could include some things that were on the record and some things that were not.

The court noted that "[t]he standards for withdrawing the plea are pretty clear. It has to be some irregularity in the plea; otherwise, everyone would say 'somebody else told me something' and 'I didn't understand' even though on the record it clearly sets out what the circumstances are." The court then stated: "So we are going to move forward and if he wants to appeal, he can. He certainly can file declarations and copies of the plea transcript ordered for him, but that's what he is going to have to go on. That's where we are."

The court proceeded to sentence appellant to the agreed nine years, and appellant filed a timely notice of appeal. He did not obtain a section 1237.5 certificate of probable cause.

## DISCUSSION

The Attorney General argues the appeal should be dismissed because appellant failed to obtain a certificate of probable cause, which is required for an appeal which challenges the validity of a plea. Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

The purpose of section 1237.5 is "to create a mechanism for trial court determination of whether an appeal raises *any nonfrivolous* cognizable issue, i.e., any nonfrivolous issue going to the legality of the proceedings. Before the enactment of section 1237.5, the mere filing of a notice of appeal required preparation of a record and, in many cases, appointment of counsel; only after expenditure of those resources would an appellate court determine whether the appeal raised nonfrivolous issues that fell within the narrow bounds of cognizability. Section 1237.5 was intended to remedy the unnecessary expenditure of judicial resources by preventing the prosecution of frivolous appeals challenging convictions on a plea of guilty." (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1179 [43 Cal.Rptr.2d 827, 899 P.2d 896].)

■ There are two exceptions to the requirement for a certificate of probable cause for an appeal after a plea of guilty or nolo contendere. The first applies where the notice of appeal states that the appeal is based on the denial of a motion to suppress evidence under section 1538.5, subdivision (m). (Cal. Rules of Court, rule 8.304(b)(4)(A).) Appellant's notice of appeal states that he is appealing from "the trial court's ruling on his motion to suppress evidence . . . ." Yet no claims are raised on appeal with respect to the denial of the motion to suppress evidence. And even if he had raised claims based on denial of the suppression motion, where an appeal goes forward without a certificate of probable cause based upon noncertificate grounds, a defendant may not raise additional claims that do require a certificate. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1104 [81 Cal.Rptr.2d 301, 969 P.2d 146].)

The second exception is where the defendant is not attempting to challenge the validity of his or her plea, "but is asserting only that errors occurred in the subsequent adversary hearings conducted by the trial court for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Ward* (1967) 66 Cal.2d 571, 574 [58 Cal.Rptr. 313, 426 P.2d 881]; see Cal. Rules of Court, rule 8.304(b)(4)(B) [defendant need not comply with § 1237.5 if notice of appeal asserts "[g]rounds that arose after entry of the plea and do not affect the plea's validity"].) Appellant claims he falls within this exception because he is not appealing denial of his motion to withdraw his plea, but is instead asserting error was committed during postplea events, preventing him from presenting his motion.

The Supreme Court recently examined the meaning of this exception to section 1237.5 in *People v. Johnson* (2009) 47 Cal.4th 668 [101 Cal.Rptr.3d 332, 218 P.3d 972] (*Johnson*). In *Johnson*, the defendant entered a no contest plea, but subsequently informed the court he wished to change his plea. The court conducted a hearing to determine whether substitute counsel should be appointed to investigate potential grounds for a motion to withdraw the plea based upon possible ineffective assistance of counsel.[2] After hearing from the defendant and from the deputy public defender, the court concluded there was no " 'colorable claim' " of ineffective assistance of counsel that would warrant removal of defense counsel. (47 Cal.4th at p. 674.) The public defender remained as attorney of record. The court then asked the defendant why he wished to set aside his plea; the defendant explained he had been " 'scared into it' " and was not guilty of the charges. (*Ibid.*) The court asked the prosecutor to describe the evidence supporting the charges. Defense counsel made no comment during this inquiry. The court denied the defendant's motion to set aside his plea. (*Johnson, supra,* 47 Cal.4th at pp. 673–674.)

---

[2] The hearing was conducted in accordance with *People v. Smith* (1993) 6 Cal.4th 684, 695–696 [25 Cal.Rptr.2d 122, 863 P.2d 192].

The defendant filed a notice of appeal challenging the validity of the plea. He also filed a request for a certificate of probable cause, which was denied. He filed an amended notice of appeal stating that the appeal was based on the sentence and other matters occurring after the plea, not on the validity of the plea. On appeal, the defendant claimed he was deprived of the effective assistance of counsel when the public defender failed to support his motion to withdraw his plea. He asked that the matter be remanded so that counsel could investigate, prepare, and present a motion for withdrawal of the plea. The Court of Appeal dismissed the appeal, concluding that a certificate of probable cause was required. (*Johnson, supra,* 47 Cal.4th at p. 675.) The Supreme Court affirmed the dismissal. (*Id.* at p. 685.)

▐ Like the appellant in our case, the defendant in *Johnson* argued that a certificate of probable cause was not required because he was not directly challenging the trial court's ruling on his motion to withdraw his plea. Instead, he argued, he was seeking a remand for a new hearing on his motion to withdraw the plea. The Supreme Court rejected this distinction: "Whether the appeal seeks a ruling by the appellate court that the guilty plea was invalid, or merely seeks an order for further proceedings aimed at obtaining a ruling by the trial court that the plea was invalid, the primary purpose of section 1237.5 is met by requiring a certificate of probable cause for an appeal whose purpose is, ultimately, to invalidate a plea of guilty or no contest."[3] (*Johnson, supra,* 47 Cal.4th at p. 682.)

▐ We invited counsel to file supplemental briefs to discuss *Johnson*, which was decided after briefing closed in this case. They have done so, and after consideration of their arguments, we conclude the holding in *Johnson* controls our case. Appellant seeks remand for the opportunity to bring a motion to withdraw his plea. The further proceedings he seeks are ultimately aimed at obtaining a ruling by the trial court that his plea was invalid. A certificate of probable cause is required in order to pursue this appeal. Appellant failed to obtain the certificate of probable cause, and we therefore shall dismiss this appeal.

Appellant urges that we find a "constructive certificate of probable cause" was issued. He relies on two statements by the trial court when it proceeded to the sentencing hearing without hearing a motion to withdraw appellant's plea or appointing new counsel for appellant. The court asked appellant's counsel if there was "anything that you can tell me about whether or not there was a mistake in the plea itself, whether or not he didn't understand what he was—is that the basis for this? Because he can certainly take this up on

---

[3] The Supreme Court agreed with the decision in *People v. Emery* (2006) 140 Cal.App.4th 560, 565 [44 Cal.Rptr.3d 551], and disapproved *People v. Osorio* (1987) 194 Cal.App.3d 183, 188–189 [239 Cal.Rptr. 333].

appeal later, but is there something on the record that we can point out that says he didn't understand what he was doing?" Defense counsel was able to provide only a vague response, in light of the conflict and the likelihood that he would be called as a witness with regard to the plea. The court noted the need for "some irregularity" in the plea, and stated: "So we are going to move forward and if he wants to appeal, he can. He certainly can file declarations and copies of the plea transcript ordered for him, but that's what he is going to have to go on."

Nothing in the trial court's statements or conduct "in effect certified the appeal" so as to make appellate review proper. (*People v. Holland* (1978) 23 Cal.3d 77, 84 [151 Cal.Rptr. 625, 588 P.2d 765].) Nor is it clear, without more, that denial of a certificate of probable cause would have been an abuse of discretion. And if the trial court wrongfully refused to issue the certificate, appellant could seek a writ of mandate from this court. (*Johnson, supra*, 47 Cal.4th at p. 676; *In re Brown* (1973) 9 Cal.3d 679, 683 [108 Cal.Rptr. 801, 511 P.2d 1153].) There are not such unusual circumstances in this case which would excuse appellant from obtaining a certificate of probable cause.

Appellant has relied heavily on our decision in *People v. Earp* (2008) 160 Cal.App.4th 1223 [73 Cal.Rptr.3d 370] (*Earp*). In that case, the defendant wanted to bring a motion to withdraw his plea. The deputy public defender declared a conflict of interest. The trial court relieved the office of the public defender and provisionally appointed the alternate public defender. After the noon recess, the defendant was present but the alternate public defender was not. The deputy public defender informed the court that she had spoken to the defendant during the recess and had determined that there was neither a conflict of interest nor a legal basis for the defendant to withdraw his plea. The defendant still wanted to withdraw his plea, and the court indicated it would have to appoint new counsel, apparently forgetting it already had done so. The deputy public defender expressed the view that there was no need to appoint a new lawyer. The court asked the defendant to explain why he wanted to withdraw his plea, and the defendant did so. Without further inquiry into the existence of a conflict with the public defender's office, the court vacated its order relieving that office and appointing the alternate public defender, finding the defendant " 'ha[d] not articulated any possible grounds' " for withdrawal of his plea and that appointment of the alternate public defender would be futile. (*Id.* at p. 1227.)

The Attorney General argued that a certificate of probable cause was required, and that the appeal should be dismissed. We rejected that claim, holding that a certificate of probable cause was not required because the defendant was not challenging the denial of a motion to withdraw a plea, but instead claimed he did not have the opportunity to present his motion to

withdraw his plea. (*Earp, supra,* 160 Cal.App.4th at p. 1228.) Although *Earp* was not expressly disapproved in *Johnson,* it appears the distinction we drew is no longer sound.

█ Appellant argues that even if we conclude the issue he raised with regard to his plea is forfeited for failure to obtain a certificate of probable cause, he still has a viable appeal under section 1538.5, subdivision (m), since no certificate is required for appellate review of a motion to suppress evidence. Since appellant did not raise a search issue in his opening brief, he argues that his opening brief "essentially becomes a de facto *Wende* [*People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]] brief from the denial of a . . . section 1538.5 motion." Under *Wende,* the appellate court is required "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous. This obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally." (*People v. Wende, supra,* 25 Cal.3d at pp. 441–442.) No such opening brief was filed in this case, and *Wende* review is therefore not required.

## DISPOSITION

The appeal is dismissed.

Willhite, J., and Manella, J., concurred.