Filed 6/20/14  P. v. Brown CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B252615 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  MA060412) |
| v. | |
| THEARTRA CORNELIUS BROWN | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director and Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In the underlying action, appellant Theartra Cornelius Brown pleaded nolo contendere to one count of possession of marijuana for sale pursuant to a plea agreement, and was sentenced in accordance with the terms of that agreement. His court-appointed counsel has filed an opening brief raising no issues. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist. Accordingly, we affirm.

## PROCEDURAL BACKGROUND

On August 6, 2013, a felony complaint was filed, charging appellant in count one with possession of marijuana for sale (Health & Saf. Code, § 11359), and in count two with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). Accompanying the charges were allegations that appellant had been convicted of two serious felonies under the "Three Strikes" law (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b)), and had served a prison term for a serious or violent felony conviction (Pen. Code, § 667.5, subd. (c)). Appellant pleaded not guilty to the charges and denied the special allegations.

On August 13, 2013, appellant entered into a plea agreement under which he was to be given a total term of 32 months in state prison. In accordance with the agreement, appellant pleaded nolo contendere to the charge of possession of marijuana for sale (count one), and admitted a prior conviction for a serious felony (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b)), namely, a conviction for robbery in 2000. In sentencing appellant to a total term of 32 months, the trial court imposed the term of 16 months on count one, and doubled that term on the basis of appellant's prior "strike" (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The remaining counts and special allegations in the felony complaint were dismissed. This appeal followed.

2

## FACTS[1]

On August 3, 2013, police officers detained appellant because he resembled a male described in a radio call. After determining that appellant was on parole, the officers conducted a compliance check. Upon searching appellant, they found a bindle containing .16 grams of methamphetamine, a bag containing 7.79 grams of marijuana, and a cell phone that disclosed text messages related to the sales of marijuana.

## DISCUSSION

After an examination of the record, appellant's court-appointed counsel filed an opening brief raising no issues and requested this court to review the record independently pursuant to *Wende*. In addition, counsel advised appellant of his right to submit by supplemental brief any contentions or argument he wished the court to consider. Appellant has presented no such brief. However, his notice of appeal asserts that the appeal "is based on the sentence or other matters that occurred after the plea . . . ." The notice further states that appellant's sentence was illegal because the court imposed the "upper [] term of 16 months" on count one without "aggravating circumstances," and doubled that term.

Appellant's plea of nolo contendere restricts the scope of the appeal before us. Because appellant neither challenged the search preceding his arrest nor requested a certificate of probable cause, his appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379; *People v. Brown* (2010) 181 Cal.App.4th 356, 360.) Generally, "'"[w]hen a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed

---

[1]   Because no preliminary hearing had occurred before appellant entered into the plea agreement, the facts are based on the probation report contained in the record.

maximum punishment, both parties, including the state, must abide by the terms of the agreement. ”””  (*People v. Cuevas*, *supra*, 44 Cal.4th at p. 383, quoting *People v. Panizzon* (1996) 13 Cal.4th 68, 80.)  Here, appellant received the sentence set forth in the plea agreement; moreover, in sentencing appellant, the trial court imposed what is in fact the lower term for possession of marijuana for sale, that is, 16 months (*People v. Earley* (2004) 122 Cal.App.4th 542, 549), and properly doubled that term pursuant to the provisions of the Three Strikes law due to appellant's prior strike (Pen. Code, §§ 667, subds. (e)(1), (e)(2)(A), 1170.12, subds. (c)(1), (c)(2)(C)).  Because our review of the record discloses no potential error within the scope of the appeal, we conclude that appellant's counsel has fully complied with his responsibilities and that no arguable issues exist.  (*Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

4