Filed 6/25/14  P. v. Dixon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059123 |
| v. | (Super.Ct.No. RIF1101213) |
| JAVONTE MARQUISE DIXON, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Christian F. Thierbach, Judge.  Affirmed.

Anita P. Jog, under appointment by the Court of Appeal, for Defendant and Appellant; Javonte Marquise Dixon, in pro. per.

No appearance for Plaintiff and Respondent.

1

# I

## STATEMENT OF THE CASE

On February 5, 2013, an amended information charged defendant and appellant

Javonte Marquise Dixon, along with two co-defendants, with sexual intercourse by force

and fear of a child under 14 years old while acting in concert with another person under

Penal Code[1] section 264.1, subdivision (b)(1) (count 1); sodomy upon a child under 14

years old while acting in concert with another person under section 286, subdivision

(d)(2) (count 2); oral copulation of a child under 14 years old while acting in concert with

another person under section 288a, subdivision (d)(2) (count 3); lewd act by force and

fear upon a child under 14 years old under section 288, subdivision (b)(1) (count 4); and

active participation in a criminal street gang under section 186.22, subdivision (a) (count

5).  With respect to counts 1 through 4, the information also alleged that the offenses

were committed during the commission of a burglary under section 667.61, subdivision

(e)(2), and that the requirements of section 667.61, subdivision (e)(7) were met.  The

information further alleged, with respect to counts 1 through 4, that the offenses were

committed for the benefit of a criminal street gang under section 186.22, subdivision

(b)(1)(A).

On February 6, 2013, defendant pled guilty to counts 4 and 5, with the

understanding that he would receive a sentence of 10 years in prison, consisting of the

upper term on count 4.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

On February 27, 2013, defense counsel informed the court that defendant wanted to withdraw his guilty plea; one of the grounds for the motion to withdraw could include potential advisement issues by counsel. Therefore, pursuant to *People v. Sanchez* (2011) 53 Cal.4th 80, the court conducted a hearing under *People v. Marsden* (1970) 2 Cal.3d 118, to determine whether defense counsel should be relieved and a new attorney appointed to investigate defendant's grounds for withdrawing the plea. After the hearing, the trial court declined to appoint substitute counsel.

On April 5, 2013, the trial court heard and denied defendant's motion to withdraw his guilty plea.

On May 3, 2013, the trial court, in accordance with the plea agreement, sentenced defendant to 10 years in prison.

On June 28, 2013, defendant filed a timely notice of appeal indicating a challenge to the validity of the plea and requesting a certificate of probable cause based on the denial of defendant's motion to withdraw the guilty plea. On July 3, 2013, the trial court denied the request for a certificate of probable cause. On October 23, 2013, we approved a stipulation of the parties that this appeal will be deemed an appeal based on the sentence or other matters occurring after the plea.

## II

## STATEMENT OF FACTS[2]

On March 10, 2011, when Jane Doe was 11 years old, she was hanging out at a park with a female acquaintance and two male subjects. One of the males put his arm around her neck and pulled her into the girls' bathroom. There, they were joined by three additional male subjects. The males took turns holding Jane Doe down and forcing her to orally copulate them. In addition, two of the males put their penises in her butt. After that, she was dragged into the boys' bathroom where she was again forced to orally copulate three males. There, one male tried to put his penis in her butt and succeeded in putting his penis in her vagina. In all, Jane Doe stated that she was sodomized four times total by three different males, and forced to orally copulate five males.

The female companion, who remained outside when Jane Doe was dragged into the bathroom, identified defendant as being one of the males who entered both of the bathrooms on March 10, 2011. Defendant made a statement afterwards that he had "fucked" Jane Doe.

A gang investigator with the Riverside Sheriff's Department testified that defendant and the other males involved in the incident were members or associates of the same gang. The investigator opined that the assault was committed in association with the gang.

---

**2** Because the trial court made a finding of factual basis for the guilty plea based upon the preliminary hearing testimony, the statement of facts is a summary of that testimony.

# III

## ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On June 4, 2014, defendant filed an eight-page typewritten brief. In his brief, defendant argues that appellate counsel rendered IAC.

In order to establish a claim of IAC, defendant must demonstrate, "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.] A 'reasonable probability' is one that is enough to undermine confidence in the outcome. [Citations.]" (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541, citing, among other cases, *Strickland v. Washington* (1984) 466 U.S. 668; accord, *People v. Boyette* (2002) 29 Cal.4th 381, 430.) Hence, an IAC claim has two components: deficient performance and prejudice. (*Strickland v. Washington*, *supra*, at pp. 687-688, 693-694; *People v. Williams* (1997) 16 Cal.4th 153, 214-215; *People v. Davis* (1995) 10 Cal.4th 463, 503; *People v. Ledesma*

(1987) 43 Cal.3d 171, 217.)  If defendant fails to establish either component, his claim fails.

In this case, defendant appears to be claiming that his appellate counsel's performance was deficient because she filed a *Wende* brief, instead of making substantive arguments on his behalf.  However, in this case, the trial court denied defendant's request for a certificate of probable cause.  A certificate of probable cause is required for an appeal challenging the validity of a plea.  (*People v. Brown* (2010) 181 Cal.App.4th 356, 359.)  Because defendant has failed to obtain this certificate, he is precluded from challenging the validity of his plea.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 77-78.)  Therefore, defendant has failed to meet the first component of establishing his IAC claim.

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*People v. Kelly* (2006) 40 Cal.4th 106.)

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

RAMIREZ
P. J.

MILLER
J.