Filed 11/19/14  P. v. Moreno CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B253968 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA101901) |
| v. | |
| MIKE MORENO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jose Rodriguez, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner and Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

Pursuant to a plea agreement, appellant Mike Moreno pleaded no contest to one count of possession for sale of a controlled substance (Pen. Code, § 11378) and was sentenced in accordance with the terms of that agreement. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist. Accordingly, we affirm.

## FACTS[1]

On May 14, 2013, police officers noticed a vehicle with expired registration tags pull into a driveway. They made contact with the driver, Moreno. In the course of an inventory search, they noticed a black travel bag on the center console. They opened the bag and found that it contained eight small bags containing methamphetamine, numerous empty small bags, and a digital scale.

## PROCEDURAL BACKGROUND

On September 3, 2013, Moreno was charged by an amended felony complaint with one count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and one count of possession for sale of a controlled substance (Health & Saf. Code, § 11378). Based on two prior convictions for robbery (Pen. Code, § 211), one in 1982 and one in 1985, it was further alleged that Moreno had been convicted of two serious felonies under the "Three Strikes" law (Pen. Code, §§ 667, subd. (d), 1170.12, subd. (b)), and had served a prison term for a serious or violent felony conviction (Pen. Code, §§ 667.5, subd. (c), 1192.7).

---

[1]     Because no preliminary hearing had occurred before Moreno entered into the plea agreement, the facts are based on the probation report contained in the record.

2

On September 20, 2013, Moreno pled no contest to one count of possession for sale of a controlled substance (Health & Saf. Code, § 11378) and admitted that he had one prior conviction for robbery in 1982.  On December 2, 2013, Moreno was sentenced pursuant to a plea agreement to the low term of 16 months, doubled to 32 months for his prior strike offense.  He received five actual days and four conduct/work time days for a total of nine days of per-sentence custody credit.

Moreno filed a timely notice of appeal, indicating that he was appealing "the sentence or other matters that occurred after the plea" that do not affect the validity of his plea; he did not check the box indicating that he wished to challenge the validity of his plea, and did not request a certificate of probable cause.

**DISCUSSION**

After review of the record, Moreno's court-appointed counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to the holding of *Wende*.  We advised Moreno that he had 30 days within which to submit any contentions or issues that he wished us to consider, and in that time period Moreno filed a supplemental brief, in which he contends that he would not have entered a plea agreement if his counsel had advised him that he could make a motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) to strike his previous strike offenses, which dated from 1982 and 1985.

A certificate of probable cause is required for an appeal challenging the validity of a plea.  (*People v. Brown* (2010) 181 Cal.App.4th 356, 359.)  Because Moreno failed to obtain a certificate of probable cause, he is precluded from challenging the validity of his plea.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 76-

3

78.) Therefore, we may not consider Moreno's argument that he would not have entered the plea agreement had he known about the option to file a *Romero* motion.

Because Moreno neither challenged the inventory search conducted in his case nor requested a certificate of probable cause, his appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) However, "'"[w]hen a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement."' [Citations.]" (*Id.* at p. 383.) Here, Moreno received the sentence set forth in the plea agreement; moreover, in sentencing Moreno, the trial court imposed the lower term for possession of a controlled substance for sale, that is, 16 months (Health & Saf. Code, § 11378; Pen. Code, § 1170, subd. (h)(1)), and properly doubled that term pursuant to the provisions of the Three Strikes law due to the one prior strike to which Moreno admitted (Pen. Code, §§ 667, subds. (e)(1), (e)(2)(A), 1170.12, subds. (c)(1), (c)(2)(C)).

We have examined the entire record and are satisfied that no arguable issues exist, and that Moreno has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113.)

4

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


COLLINS, J.

5