Filed 2/17/15  P. v. Page CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KAMARA MARIE PAGE,<br><br>        Defendant and Appellant. | A142782<br><br>(Mendocino County Superior Court Nos. 13-75409, 13-75416, and 14-77567) |

Defendant and appellant Kamara Marie Page pled no contest to criminal counts and enhancement allegations in three criminal cases.  The trial court imposed a total sentence of seven years in the three cases, including two years in county jail followed by five years of mandatory supervision.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellant has not filed a supplemental brief.  We find no arguable issues and affirm.

PROCEDURAL BACKGROUND

A February 21, 2014 information (case no. 13-75409) charged appellant with being an accessory after the fact to attempted murder (Pen. Code § 32).[1]  Another February 21 information (case no. 13-75416) charged appellant with possession for sale

_____

[1] All further undesignated statutory references are to the Penal Code.

of methamphetamine (Health and Saf. Code § 11378).  A June 17 complaint (case no. 14-77567) charged appellant with two counts of failure to appear after being charged with a felony (§ 1320.5), with allegations appellant was on bail (§12022.1).  Appellant pled no contest to each of the counts in the three criminal cases and admitted two on-bail allegations.

At sentencing on the three cases, the section 32 accessory after the fact case was designated as the principal case.  Appellant was sentenced to a three-year aggravated term on that count.  Appellant received an 8-month consecutive sentence for the violation of Health and Safety Code section 11378.  The trial court imposed two consecutive 8 month sentences on the two violations of section 1320.5 for failure to appear.  The court imposed a consecutive 2 year term on one of the section 12022.1 on-bail allegations; the second section 12022.1 allegation was stricken.

Appellant's sentence on all charges totaled 7 years.  Pursuant to its discretion under section 1170, subdivision (h)(5)(B), the trial court ordered appellant to spend two years in custody followed by five years of mandatory supervision.

Appellant filed a notice of appeal in each of the three cases, specifying the appeal was based "on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

FACTUAL BACKGROUND

According to the preliminary hearing transcript in case number 13-75409, a person named Walter Kristopher Miller was convicted of attempted murder of a peace officer. At his trial, Miller testified that after the incident resulting in the attempted murder charge, he texted appellant and asked to be picked up.  Appellant arrived in a car being driven by someone else and took Miller to a motel room.  Appellant admitted to a sheriff's investigator that she was aware of the incident but still went to Miller's location to help him avoid capture by the police.

According to the probation report's summary regarding case number 13-75416, law enforcement officers discovered in a hotel room occupied by appellant and others

2

two baggies containing methamphetamine, used hypodermic needles, and various cell phones.

According to the probation report's summary regarding case number 14-77567, on May 28, 2014 appellant was on bail and failed to appear for judgment and sentencing on the two other criminal cases.

## DISCUSSION

Appellant's no contest plea restricts the scope of the appeal before us. Because appellant did not request a certificate of probable cause, her appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379; *People v. Brown* (2010) 181 Cal.App.4th 356, 359-360.)

We have independently reviewed the record and have found no arguable appellate issues. Under *People v. Correa* (2012) 54 Cal.4th 331, 340-341, it was proper for the trial court to impose consecutive sentences for the two section 1320.5 counts based on a single act of failing to appear.

Appellate counsel advised appellant of her right to file a supplemental brief to bring to this court's attention any issue she believes deserves review. (*People v. Kelly* (2006) 40 Cal.4th 106.) Appellant did not file a supplemental brief. There are no legal issues that require further briefing.

## DISPOSITION

The judgment is affirmed.

_____

SIMONS, Acting P.J.

We concur.

_____

JONES, J.

_____

NEEDHAM, J.