Filed 9/8/15  P. v. Hardin CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARIO ARMONDO HARDIN,<br><br>        Defendant and Appellant. | A142014<br><br>(Sonoma County<br>Super. Ct. No. SCR628073) |

**INTRODUCTION**

Defendant Mario Armondo Hardin appeals from the judgment in one of two separate matters that were part of a single negotiated disposition.  Defendant's court-appointed counsel has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues for review.  Due to defendant's entry of a no contest plea and the subsequent denial of a certificate of probable cause, pursuant to California Rules of Court, rule 8.304(b) and Penal Code section 1237.5,[1] the issues we may consider on appeal are limited to sentencing issues that do not implicate the validity of the plea. Defendant has been informed of his right to file supplemental briefing, and he has not done so.  After our independent review of the record, we find no errors or other issues requiring further briefing, and we affirm.

---

[1] All further unspecified statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

**Case No. SCR628073**

On December 21, 2012, in case number SCR628073 (the vehicle case), defendant was charged with violating (1) section 666.5, subdivision (a), by unlawfully taking and driving someone's vehicle, a felony, having previously been convicted of violating Vehicle Code section 10851; (2) Vehicle Code section 10801, running a chop shop as defined in Vehicle Code section 250, a felony; (3) section 496d, subdivision (a), receiving a stolen vehicle, a felony; and (4) section 466, possessing tools to break and enter a vehicle, a misdemeanor. The complaint also alleged that defendant had served a prior prison term within the meaning of section 667.5, subdivision (b). The charges in the vehicle case arose out of a probation search at defendant's residence where officers found parts of a vehicle that had been reported stolen.[2]

On April 3, 2013, defendant entered into a change of plea agreement under section 1192.5 pursuant to which he pled no contest to count 1, the felony violation of section 666.5, subdivision (a); the remaining charges and prison prior allegation were dismissed. The agreement provided for a middle term of three years, half of which would be served in custody and half under mandatory supervision. In the change of plea form, defendant acknowledged and waived his constitutional rights to a trial, to confront and cross-examine witnesses, to present evidence, to subpoena witnesses, not to incriminate himself, and to have a trial by court or by jury. He acknowledged his right to be represented by an attorney at all stages of the proceedings and that he had adequately discussed the case with his attorney. He waived his right to a preliminary hearing. The agreement included a "*Cruz* waiver"[3] providing, inter alia, that failure to appear for sentencing would void the agreement and defendant would not be allowed to withdraw his plea. The trial court confirmed that defendant had executed and understood the form, and accepted his plea.

---

[2] The facts from case number SCR628073 are contained in a May 23, 2013, presentence report describing a probation search on December 17, 2012.

[3] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 (*Cruz*).

On May 30, 2013, defendant failed to appear for sentencing.

**Case No. SCR635729**

Defendant was thereafter arrested and charged in case number SCR635729 (the drug case). The charges arose out of a June 11, 2013, traffic accident involving defendant in which he attempted to hide suspected methamphetamine.[4]

On June 21, 2013, defendant entered into another change of plea agreement pursuant to section 1192.5. The agreement resolved the new case and the vehicle case. In the agreement, defendant pleaded no contest to a violation of Health and Safety Code section 11377, subdivision (a), felony possession of methamphetamine, and he admitted an on-bail enhancement pursuant to section 12022.1. Defendant agreed to a sentence of five years and eight months under section 1170, subdivision (h). This included the three-year middle term sentence from the vehicle case, a consecutive eight month sentence for the drug conviction and a consecutive two year sentence for the on-bail enhancement. The sentence would be split, with four years in custody and one year, eight months on mandatory supervision. The change of plea form contained identical advisements to the form filed on April 3, and was identically executed by defendant. On June 21, the trial court confirmed that defendant had executed and understood the form. The trial court accepted defendant's pleas.

**Post Plea and Sentencing Proceedings**

On August 1, 2013, after defendant argued that he could not have stolen a car on December 17, 2012, because he was in custody at that time, the complaint in the vehicle case was amended to reflect the correct date of the theft as July 1, 2012, and to correct the name of the victim.

On August 19, 2013, defendant filed a motion to withdraw his no contest pleas in both cases. He raised several arguments, including that he was in custody when a third party delivered the stolen vehicle to his house and that he did not know the vehicle was

---

[4] The facts in case number SCR635729 are taken from the July 29, 2013, presentence report.

3

stolen. He argued that the drug case should have been charged as a misdemeanor with no on-bail enhancement. He also argued that both pleas were invalid because the vehicle case alleged the wrong date of offense and the wrong legal owner of the vehicle. The prosecution opposed the motion. On September 11, 2013, the trial court denied defendant's motion, ruling that despite the mistakes in the complaint, defendant understood the charges to which he was pleading and there was no good cause to allow him to withdraw his pleas.

Thereafter, the public defender was relieved and private counsel appeared for defendant. In November 2013, new counsel filed a motion to reconsider the denial of the motion to withdraw the plea in the vehicle case. Defendant submitted his declaration and declarations of prospective witnesses whose cooperation defendant previously believed he would not be able to obtain. The prosecutor opposed the motion, arguing that the new evidence from witnesses previously known to defendant was not good cause or grounds for reconsideration. The trial court denied the motion, ruling that defendant had been aware of the potential defenses and witnesses at the time of his plea and the witnesses' recent willingness to cooperate was not sufficient grounds to undo the plea.

On December 3, 2013, the court issued a temporary release order so defendant could visit his father who was dying in the hospital. Defendant was released for four hours to the custody of Adam Villagomez of the Indian Health Clinic. He was ordered to remain at all times with Villagomez, to go directly from jail to the hospital and back with no other stops, and to drug test upon his return.

In January 2014, prior to sentencing, the court issued two temporary release orders so defendant could attend his father's funeral. These orders also required him to return at a certain time and remain with Villagomez; they did not specify drug testing. In court, defendant admitted he returned late to the jail and tested positive for methamphetamine after the funeral. Defendant acknowledged and waived his right to a hearing to determine whether he returned late and tested positive for methamphetamine, including the rights to confront witnesses, to present a defense, and to remain silent. He acknowledged that this admission implicated the *Cruz* waiver in his plea agreement.

4

In March 2014, the court imposed sentence in both cases pursuant to section 1170, subdivision (h). It sentenced defendant to a total of six years eight months: the upper term of four years in the vehicle case plus consecutive terms of eight months for the methamphetamine possession and two years for the on-bail enhancement in the drug case. The court suspended the last six months of the sentence and placed defendant on mandatory supervision.

Defendant filed a notice of appeal in the vehicle case in May 2014. He sought but was denied a certificate of probable cause. Defendant did not file a notice of appeal in the drug case.

In November 2014, defendant filed a petition for resentencing in the drug case pursuant to section 1170.18, also known as Proposition 47, which was enacted after his sentence.[5] The prosecution agreed that defendant was entitled to relief. In December 2014, the trial court declared the possession conviction to be a misdemeanor and maintained the consecutive eight-month sentence. The court struck the on-bail enhancement as no longer supported by a subsequent felony. With good time, defendant had 1,104 days of credit against his sentence.

## DISCUSSION

The scope of this appeal is restricted by defendant's no contest plea and the denial of a certificate of probable cause. The only issues cognizable on appeal are "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379; *People v. Brown* (2010) 181 Cal.App.4th 356, 359-360.)

We have reviewed the entire record as required by *People v. Wende*, *supra*, 25 Cal.3d 436. Defendant was at all times represented by competent counsel who protected his rights and interests. Before accepting defendant's admissions and waivers pertaining to violating the terms of his supervised release, the court made sure defendant understood

---

[5] Proposition 47, "the Safe Neighborhoods and Schools Act," was enacted by voter initiative on November 4, 2014, and went into effect the next day. (§ 1170.18; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)

5

the constitutional rights he was waiving and the consequences of his admissions, in particular that violating the *Cruz* waiver voided the sentencing agreement in the plea bargain.

We see no error in the sentence. The trial court understood her sentencing discretion, that defendant was "here basically for sentencing on an open plea." The court considered the recommendation of the probation department and the arguments of both counsel. Defendant himself had an opportunity to be heard. The trial judge acknowledged his argument and set forth her reasons for sentencing defendant to the aggravated term of four years in the vehicle case and for suspending the final six months of the sentence and placing defendant on mandatory supervision.

We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436.

## DISPOSITION

The judgment is affirmed.

_____
Miller, J.

We concur:


_____
Kline, P. J.


_____
Richman, J.


A142014, *People v. Hardin*