Filed 4/25/16  P. v. Silva CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B263388 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA431436) |
| v. | |
| DEXTER SILVA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas W. Sortino, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea agreement, appellant Dexter Silva pled no contest to one count of first degree residential burglary (Pen. Code, § 459)[1] and was sentenced in accordance with the agreement to a term of nine years. We have conducted an independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and conclude that no arguable issues exist. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In October 2014, appellant and another person entered a parking garage of an apartment building, rummaged through several vehicles, removed property, and stole a bicycle.

On December 10, 2014, appellant was charged by information with one count of first degree residential burglary. The information further alleged that appellant had served ten prior prison terms (§ 667.5, subd. (b)) and had been convicted of one strike under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and one serious felony (§ 667, subd. (a)(1)).

Appellant requested substitution of counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. After conducting an inquiry into the reasons for appellant's request, the trial court denied the motion.

On February 5, 2015, appellant pled no contest to one count of first degree residential burglary. He admitted that he had one prior strike and one prior serious felony. He was sentenced pursuant to the plea agreement to the low term of two

---

[1] Further unspecified statutory references are to the Penal Code.

[2] Because no preliminary hearing had occurred before appellant entered into the plea agreement, the facts are based on the probation report contained in the record.

years, doubled to four years for his prior strike, plus five years for his serious felony, for a total of nine years. He received 85 days actual custody credit and 84 days good time/work time credit for a total of 169 days total custody credit.[3]

Appellant filed a timely notice of appeal, indicating that his appeal was based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *Wende*. We advised appellant that he had 30 days within which to submit any contentions or issues that he wished us to consider. No response has been received to date.

A certificate of probable cause is required for an appeal challenging the validity of a plea. (Pen. Code, § 1237.5; *People v. Brown* (2010) 181 Cal.App.4th 356, 359.) Because appellant failed to obtain a certificate of probable cause, he is precluded from challenging the validity of his plea and from challenging the validity of his sentence, which was part of his negotiated plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76-78 (*Panizzon*).)

"Notwithstanding the broad language of section 1237.5, it is settled that two types of issues may be raised in a guilty or nolo contendere plea appeal without issuance of a certificate: (1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree

---

[3] The trial court subsequently granted appellant's motion to correct the number of days to 172 days credit and issued an amended abstract of judgment.

3

of the crime and the penalty to be imposed.  [Citations.]" (*Panizzon, supra,* 13 Cal.4th at pp. 74-75.)  Appellant has not raised either type of issue.

We have independently reviewed the record and conclude that there are no arguable issues on appeal.  (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278-279 [upholding the *Wende* procedure].)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

COLLINS, J.