Filed 4/28/21  P. v. Levigne CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADRIAN LEVIGNE,<br>    Defendant and Appellant. | A161882<br><br>(Solano County Super.<br>Ct. No. FCR353092) |

Appellant Adrian Levigne (Appellant) appeals from the judgment following his no contest plea to charges of possession of a firearm by an ex-felon (Pen. Code, § 29800, subd. (a)(1)) and possession of methamphetamine for sale (Health & Saf. Code, § 11378).  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  We have reviewed the record, find no arguable issues, and affirm.

BACKGROUND

In July 2020, a complaint was filed charging Appellant with possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)); possession of a firearm by an ex-felon (Pen. Code, § 29800, subd. (a)(1)); possession of heroin for sale (Health & Saf. Code,

1

§ 11351); possession of alprazolam for sale (Health & Saf. Code, § 11351); and possession of methamphetamine for sale (Health & Saf. Code, § 11378).  The charges were based on an incident in July 2020 during which a police officer observed Appellant with drug paraphernalia in a parked car and then discovered a firearm and narcotics in a subsequent search of his person and the vehicle.

In September 2020, Appellant pled no contest to possession of a firearm by an ex-felon and possession of methamphetamine for sale.  The parties agreed to a concurrent two-year prison term.  Appellant was released pending sentencing with a *Cruz*[1] waiver.  Appellant acknowledged that if he failed to appear at sentencing, or if he committed a new offense while on release, he could be sentenced to a maximum term of three years and eight months.

Appellant failed to appear for sentencing and a bench warrant was issued.  Appellant was arrested, and his counsel explained that Appellant had previously failed to appear because he wanted to obtain medical care for injuries from a car accident prior to being returned to custody.  In January 2021, the trial court sentenced Appellant to three years, eight months in prison.  Appellant received 217 days of custody credits, and the trial court waived all fines and fees, subject to the prosecution's proof of Appellant's ability to pay.

DISCUSSION

Appellant's no contest plea restricts the scope of the appeal before us. Because he did not request a certificate of probable cause, his appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea."  (*People v. Cuevas* (2008) 44 Cal.4th 374, 379; *People v. Brown* (2010) 181 Cal.App.4th 356, 359–360.)

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247.

We have reviewed the entire record and have found no arguable appellate issues. The trial court properly imposed a sentence greater than the agreed-upon sentence following Appellant's failure to appear (*People v. Cruz*, *supra*, 44 Cal.3d 1247; *People v. Masloski* (2001) 25 Cal.4th 1212, 1215, fn. 2), and the court did not abuse its discretion in selecting a sentence of three years, eight months (*People v. Sandoval* (2007) 41 Cal.4th 825, 847).

Appellate counsel advised appellant of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review. (See *People v. Kelly* (2006) 40 Cal.4th 106.) Appellant did not file a supplemental brief. There are no legal issues that require further briefing.

DISPOSITION

The trial court's judgment is affirmed.

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BURNS, J.

(A161882)