Filed 3/7/13  P. v. Turner CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS C. TURNER,<br><br>    Defendant and Appellant. | A134641<br><br>(Napa County<br>Super. Ct. Nos. CR147884, CR148687) |

Defendant Thomas C. Turner was charged with making criminal threats against two staff members while he was committed at Napa State Hospital as a mentally disordered offender (MDO).  He was held in Napa and Solano county jails while these charges were pending, and he eventually pleaded no contest to them.  In this appeal, he contends that the trial court was required to conduct an evidentiary hearing on the possibility that he is entitled to presentence custody credits because his status as an MDO may have changed during different periods while he was held in the county jails.  We disagree and affirm the judgment of the trial court.

## I.  BACKGROUND

Turner threatened two staff members at Napa State Hospital while committed there as an MDO by the Solano Superior Court under Penal Code section 2962.[1]  The threats occurred during two separate incidents in 2009, one in July and the other in August.

_____

[1]  All further statutory references are to the Penal Code.

The Napa County District Attorney charged Turner with making a criminal threat (§ 422) in two separate cases. The district attorney further alleged Turner had suffered three prior strike convictions (§ 667, subds. (b)-(i)).

The cases were resolved in October 2011 when Turner pleaded no contest in both of them to making a criminal threat. He admitted one prior strike.

The probation officer's sentencing report showed that Turner had been held in Solano and Napa county jails while the charges were pending. In a sentencing memorandum, defense counsel pointed out that while Turner was in these facilities he was the subject of two MDO commitment-extension proceedings in Solano County. Copies of Solano County Superior Court orders, attached to the sentencing memorandum, appear to confirm that Turner's MDO commitment was twice extended. They show that Turner was in the middle of a one-year commitment set to expire on February 16, 2010, when he threatened the hospital staff. His commitment was extended to February 16, 2011, after a trial held in September 2010. It was again extended, this time to February 16, 2012, after another trial held in October 2011.

Defense counsel argued below that Turner was entitled to custody credits during the periods between the expirations and subsequent extensions of his MDO commitment because Turner's custody during those periods resulted solely from the threat charges. The trial court disagreed. The court noted that Solano County records showed Turner had waived time "during the time period when one could argue that there was an expiration." The court then sentenced Turner to six years in state prison in both cases, with the terms to run concurrently.

## II. DISCUSSION

Turner renews his bid for presentence credits on appeal. He contends the trial court failed to consider the consequences of the delayed extensions of his MDO commitment. He acknowledges that persons held under a mental health civil commitment are generally not entitled to pretrial custody credits against a sentence imposed in a separate criminal matter. (*People v. Mendez* (2007) 151 Cal.App.4th 861, 865 (*Mendez*); *People v. Callahan* (2006) 144 Cal.App.4th 678, 685-686.) He relies,

however, on the California Supreme Court's holding in *People v. Cobb* (2010) 48 Cal.4th 243 that MDOs who cannot be tried until after their prior commitment expires may be entitled to release from custody. (*Id.* at p. 252.)

Defendants are generally entitled to credit against their sentences for time spent in pretrial custody. (§ 2900.5, subd. (a).) But credit "shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." (*Id.*, subd. (b).)

It is of course not uncommon for persons to be in custody for more than one reason. "[W]here a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1193-1194.)

In *Mendez* and *Callahan*, Division One of this court applied this causation test against defendants who committed crimes while confined at Napa State Hospital on insanity commitments (§ 1026). In both cases, the court held that the defendants were not entitled to pretrial custody credits because they would have remained confined under their insanity commitments regardless of the new criminal charges. (*Mendez, supra,* 151 Cal.App.4th a p. 865; *People v. Callahan, supra,* 144 Cal.App.4th at pp. 685-686.) "Pretrial custody on the new criminal charge of battery on the hospital guard is, in essence, another formalistic layer of custody which, if stripped away by the ability to make bail, would not have resulted in defendant's liberty. He would have remained confined on the 1026 commitment and thus is not entitled to the actual custody credit awarded by the trial court." (*Callahan* at p. 685.)

Turner does not claim any of the MDO commitment extension orders were reversed or were otherwise invalid. It appears, therefore, that he was subject to an MDO commitment at all times he was in custody before the threat charges were resolved. He nevertheless argues he may have been entitled to pretrial release in the extension proceedings pursuant to *Cobb*, although he concedes that "it is impossible to determine

3

whether the delay in the commencement of those [extension] trials was a delay that would have allowed [him] to be released under *Cobb*." Turner believes this court should remand the matter to the trial court for an evidentiary hearing to determine the cause of each day of confinement.

We disagree. Turner was entitled to pretrial release in the MDO extension proceedings only if there was no time waiver or good cause for a continuance. (*People v. Cobb, supra,* 48 Cal.4th at p. 252.) Solano County Superior Court docket sheets attached to defense counsel's sentencing memorandum appear to show that time was waived in the extension proceedings.

Regardless, Turner had the burden to prove he was entitled to presentence custody credits, and he failed to meet it. A defendant must show that the conduct leading to his convictions was the sole reason for his loss of liberty during the presentence period. (*People v. Bruner, supra,* 9 Cal.4th at p. 1191; *Mendez, supra,* 151 Cal.App.4th at p. 864.) "[T]he defendant has the burden in every mixed conduct case to prove entitlement to presentence custody credits by showing that such custody was 'strict[ly] caus[ed]' by the same conduct for which he is convicted and to be sentenced." (*In re Nickles* (1991) 231 Cal.App.3d 415, 424; *People v. Purvis* (1992) 11 Cal.App.4th 1193, 1196-1197 [accord].) While Turner speculates that there may have been periods during which he was held in local custody for reasons other than his MDO commitment, he neither alleged nor pointed to Solano County court records showing that his MDO commitment hearings were extended without a waiver or good cause. Under these circumstances, the trial court properly denied his request for an evidentiary hearing.[2]

---

[2] If there is any support for Turner's claim, it is in the records of the Solano County MDO proceedings, and his claim is more properly raised by a petition for writ of habeas corpus.

4

## III. DISPOSITION

The judgment is affirmed.

_____

Humes, J.

We concur:

_____

Reardon, Acting P.J.

_____

Rivera, J.

5