Filed 8/8/14  P. v. Ruelas CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LOUIS RUELAS,<br><br>        Defendant and Appellant. | A140965<br><br>(Napa County Super. Ct.<br> No. CR165906) |

Defendant Louis Ruelas pled no contest to one count of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4))[1] and admitted he personally inflicted great bodily injury (§ 12022.7, subd. (a)).  He was sentenced to three years in prison.  Defendant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable sentencing or other postplea issues.  (See *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  We have considered a supplemental letter brief submitted by defendant.  We find no arguable issues and affirm.

BACKGROUND

In July 2013, defendant was charged by information with one count of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) with an allegation that he personally inflicted great bodily injury (§ 12022.7, subd. (a)).

---

[1] All further undesignated statutory references are to the Penal Code.

According to the probation report, at the time of the offense defendant was committed to Napa State Hospital after being found not guilty by reason of insanity of a previous murder. (§ 1026.) In May 2013, defendant assaulted another Napa State Hospital inmate, causing several fractures.

In December 2013, pursuant to an agreement, defendant pled no contest and admitted the injury enhancement allegation. In January 2014, the trial court sentenced defendant to three years in prison in accordance with the agreement.

Defendant filed a notice of appeal specifying it is based "on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

DISCUSSION

Defendant's no contest plea restricts the scope of the appeal before us. Because defendant did not request a certificate of probable cause, his appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379; *People v. Brown* (2010) 181 Cal.App.4th 356, 359-360.)[2]

We have reviewed the entire record and have found no arguable appellate issues. The trial court's sentence was consistent with the plea agreement. It was proper for defendant to be denied custody and conduct credits, in light of the fact that the presentencing loss of liberty was due to his prior insanity commitment. (*People v. Mendez* (2007) 151 Cal.App.4th 861; *People v. Callahan* (2006) 144 Cal.App.4th 678.) The restitution fines imposed by the court were proper. We have found no other arguable postplea issues.

Appellate counsel advised defendant of his right to file a supplemental brief to bring to the court's attention any issue he believes deserves review. (See *People v. Kelly*

---

[2] Appellate counsel's *Wende* brief summarizes various pre-plea proceedings regarding defendant's competency and the possibility he was not guilty of the assault by reason of insanity. Defendant's supplemental brief claims he was insane at the time he committed the assault. Those proceedings and defendant's assertions do not support a claim of postplea error.

2

(2006) 40 Cal.4th 106.)  We have considered the supplemental letter brief submitted by defendant.  There are no legal issues that require further briefing.

DISPOSITION

The judgment is affirmed.


_____

Simons, J.




We concur:


_____

Jones, P.J.


_____

Needham, J.