Filed 1/7/22  P. v. Penny CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHELLE LOUISE PENNY,<br><br>    Defendant and Appellant. | H046455<br>(Santa Clara County<br>Super. Ct. No. B1895872) |

## I.    INTRODUCTION

In January 2018, defendant Michelle Louise Penny was charged with attempted possession of a firearm by a felon (Pen. Code, § 664, 29800, subd. (a)(1))[1] and perjury (§ 118).  In June 2018, the trial court found defendant incompetent to stand trial. Defendant's competence was restored in January 2019, and she subsequently pleaded no contest to the charges.  The court placed defendant on three years of probation and ordered her to serve 90 days in county jail, which was credit for time served.

Defendant contends that insufficient evidence supports the trial court's incompetency finding.  The Attorney General counters that the issue is moot and that even if the issue is justiciable, substantial evidence supports the finding.

---

[1] All further statutory references are to the Penal Code.

For reasons that we will explain, we conclude that the issue is moot and therefore dismiss the appeal.

## II. PROCEDURAL BACKGROUND[2]

On January 16, 2018, the district attorney charged defendant with attempted possession of a firearm by a felon (§§ 664, 29800, subd. (a)(1)) and perjury (§ 118). Defendant was arraigned on March 5, 2018.

At the next court appearance on April 2, 2018, defendant submitted three "general affidavit[s]" to the trial court. (Capitalization and emphasis omitted.) Among other allegations, defendant stated in Affidavit 1 that her attorney "is terminated" and "never represented" defendant, who "was and still remains in propia persona." Defendant further stated that "[t]he court shall answer to the corpus delicti"; "shall dismiss [the] case"; and shall "acknowledge . . . there is no injured person or property [and] no crime." Defendant also stated, "This is BOND FRAUD I am not subject to jurisdiction and or authority"; and "[t]here has been an attack on [defendant] for standing in rights and reserving by a[n] unseen party and or property."

In Affidavit 2, entitled, "Affidavit of Facts – Conditional Agreement," defendant stated, "I accept and offer upon proof of claim . . . [¶] 1. Declaration of Authority [¶] 2. Oath of Office [¶] 3. Jurisdiction/Authority [¶] 4. Corpus Delecti"; "I Reserve and Retain all Rights without/with prejudice To Be Paid in Full immediately via gold and silver $100,000 in . . . Federal Reserve Notes for each order given and issued there is an invoice"; and "[t]o proceed with the charges . . . is to be in honor of my claim set forth and is due immediately also I hold and charge all officers and employees of the Court and they shall relinquish their title and oath of office."

---

[2] Because the record on appeal does not include the factual basis for defendant's pleas, we do not include a summary of the facts. The facts are not relevant to the issues on appeal.

2

In Affidavit 3, entitled, "Affidavit of Facts – Proceed to dismiss," defendant stated, "For and on record . . . Lack of Jurisdiction  [¶]  For the record state Nationality and show [illegible] Status Authority Proof of Office/Oath of Office.  Declaration to withdraw any lien bonds in strawman name Michelle Louise Penny and state I am a Natural Indigenous Sover[e]ign being Free From tyranny[.]  I retain my alienable and inalienable rights[.]  All Rights Reserved[.]  It is not a crime to exercise a common natural right. . . ."

At the April 2, 2018 proceeding, the trial court appointed counsel, declared a doubt as to defendant's competency pursuant to section 1368, and suspended criminal proceedings.[3]  On April 5, 2018, the court appointed Dr. Jack Yen to examine defendant and prepare a competency report pursuant to sections 1368 and 1369.

Defendant submitted a fourth affidavit to the trial court on April 25, 2018, entitled, "Affidavit of Facts – Motion to Dismiss for lack of Jurisdiction[]."  Defendant alleged a denial of due process and right to choose counsel and made a demand for payment. Defendant stated that her attorney "is terminated"; she "stated to [the attorney] he is terminated  [¶]  I charge him for his order given and also the Judge . . . who changed court venue and during court procedure walked away from bench without word then came back in.  [¶] . . . [¶]  I do not understand charges[.]  The charges . . . shall be dis[]missed[.]  I Reserve and Retain all Rights without/with Prejudice[.]  Notice on the Record of Court for Court of Record[.]  I seek a Remedy."

Defendant submitted an additional affidavit on May 21, 2018, where she stated, "ALL Instruments of Remedy on Record for the Court all officers under oath . . . to be held accountable and upon proof of claim in my behalf to seek remedy shall this case be dismissed for lack of cause and Due Process – no Corpus D[e]licti."  Defendant also

---

[3] The record on appeal does not include a reporter's transcript of the April 2 proceeding.

3

submitted a "Notice to Principal is Notice to Agent," demanding dismissal for lack of jurisdiction and denial of due process; a "Final Demand for Payment"; an "Order to Show Cause/Motion to Vacate"; and a "Notice." (Some capitalization omitted; emphasis omitted.) Defendant appears to reference admiralty law in some of these documents.

On June 6, 2018, Dr. Yen wrote the trial court that he was unable to proffer an opinion regarding defendant's competency.[4]

On June 28, 2018, Defendant submitted another affidavit to the trial court. Defendant stated that the case "shall/is dismissed for the record on the record. The Court never called the case to be heard"; "Judge said I'm Sover[e]ign I'm not"; her attorney "is fired she doesn't represent me"; "Judge can't diagno[se] me or Dr. Yen to state compe[t]ency or not[.] I dismiss case[.] Court is no jurisdiction."

Also on June 28, 2018, the trial court found defendant incompetent to stand trial. The court stated that it was in receipt of defendant's papers and that it "made two observations: One is that [defendant] has counsel, and *Faretta*[5] hearings are not allowed because this is a civil proceeding and criminal proceedings have been suspended. [Its] second observation is that the content of those papers appears to be in the mode of what [it has] seen from sovereign citizens with references to admiralty law, which fully support a finding of not competent. However, [it] also can put this on the trial setting calendar."

The trial court asked for counsel's preference. Defense counsel and the district attorney submitted on the court's observations. The court stated, "Based on my observations, I will find that [defendant] is not competent, which, . . . because this is a felony, leaves the issue of capacity. The disjointed nature of the papers filed, also, in my opinion, support a finding of no capacity because they're so incoherent." The district attorney expressed concern that there was no diagnosis of mental illness. In response to

[4] Because Dr. Yen's letter was filed as a confidential record, we do not summarize its contents. (See Cal. Rules of Court, rule 8.47(c)(1).)

[5] *Faretta v. California* (1975) 422 U.S. 806.

4

the district attorney's concern, the court appointed Dr. John Greene to perform a capacity evaluation pursuant to section 1370.

On July 9, 2018, the trial court ordered the South Bay Conditional Release Program (CONREP) to evaluate whether defendant "should be required to undergo outpatient treatment, [or] be committed to a treatment facility or to any other mental facility."

On July 23, 2018, defendant submitted an affidavit stating that her case had not been called on the morning of June 28, 2018, and that "[t]he official oath was abandoned." Defendant again stated that her attorney has been terminated and demanded "100,000 gold and silver paid in FDR Notes in full for every order."

Dr. Greene issued a report on August 14, 2018, and Dr. Douglas Johnson issued CONREP's report on August 28, 2018.[6] CONREP recommended that defendant be committed to the Department of State Hospitals for placement in a trial competency program pursuant to section 1370, subdivision (a)(2).

At the next court appearance on September 27, 2018, defendant addressed the court directly at the outset of the hearing, moving to dismiss the case "due to the fact that the moving parties have not answered an agreeable remedy." Defendant stated that she sought relief "under a conditional agreement that show[s] proof of cause written on the record verifying claim and witness to an injured party or person [or] property . . . that wasn't available at the last court date."

Based on Dr. Greene's report, the trial court made no finding on capacity. Counsel submitted on the placement recommendation. The court adopted CONREP's recommendation, remanded defendant, and committed her to the Department of State Hospitals for no more than three years for treatment and placement in a trial competency

---

[6] Because Dr. Greene's and CONREP's reports were filed as confidential records, we do not summarize their contents. (See Cal. Rules of Court, rule 8.47(c)(1).)

program.  Defendant personally objected on the basis that she had not violated any contract.  Defendant again asked for the case to be dismissed, stating that she "ha[d] answered[] and . . . accepted [the] conditional offer upon conditional proof of the claim."

On November 16, 2018, defendant moved for substitution of counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.  Defendant also filed a notice of appeal.

On January 7, 2019, the trial court received certification of defendant's restoration to mental competence pursuant to section 1372.  On January 10, 2019, the trial court found defendant competent to stand trial and reinstated criminal proceedings.

On March 22, 2019, defendant pleaded no contest to the charges.  On May 16, 2019, the trial court placed defendant on three years of probation and ordered her to serve 90 days in county jail, which was credit for time served.

## III.   DISCUSSION

Defendant contends that the trial court's incompetency finding must be vacated because it is not supported by substantial evidence as the court rested its decision on its own observations.  The Attorney General asserts that the issue is moot because defendant was restored to competence and that even if the issue is justiciable, substantial evidence supports the finding.  We conclude that the appeal is moot.

" ' "[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events.  A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*People v. DeLong* (2002) 101 Cal.App.4th 482, 486 (*DeLong*).)

Relying on *DeLong*, defendant argues that the issue is not moot because she is entitled to " 'clear her name.' "  We find *DeLong* distinguishable.

The defendant in *DeLong* challenged her drug possession conviction that had been set aside pursuant to Proposition 36.  (*DeLong*, *supra*, 101 Cal.App.4th at p. 484.)  The court held that the case was not moot because "the conviction still exists" and the

6

defendant "is entitled to an opportunity to clear her name and rid herself of the stigma of criminality." (*Ibid.*)

In contrast to *DeLong*, defendant's appeal does not challenge her convictions but the trial court's incompetency finding. As the Court of Appeal explained in *People v. Lindsey* (1971) 20 Cal.App.3d 742, 744, a certification of restoration to competency "terminates the [incompetency] commitment, leaving no prejudicial consequences which could be ameliorated by a successful appeal." Unlike the collateral consequences from a conviction, "[t]he law imposes no disadvantageous collateral consequences upon one whose trial has had to be postponed by reason of such a temporary disability. . . . The temporary commitment is nothing from which defendant needs to 'clear his [or her] name.' " (*Id.* at pp. 744-745.)

Defendant also contends that the issue is not moot because the incompetency finding resulted in the denial of conduct credits and "a reversal will correct that error."[7] We are not persuaded.

Pursuant to section 1375.5, "[t]ime spent by a person in a treatment facility or county jail as a result of [competency] proceedings . . . shall be credited against the sentence, if any, imposed in the underlying criminal case . . . giving rise to the competency proceedings." Thus, individuals such as defendant who were committed to a state hospital based on an incompetency finding are entitled to custody credit for the length of the commitment. (See *People v. Mendez* (2007) 151 Cal.App.4th 861, 865.)

---

[7] The Attorney General argues that the matter is moot "[b]ecause the credits already awarded [defendant] far exceed[ed] the sentence, [and defendant] cannot possibly benefit from an award of additional conduct credits, assuming she were entitled to such credits." However, the law mandates that defendants be awarded all custody and conduct credit to which they are entitled. (See § 2900.5, subd. (a).) Credits that exceed an initial county jail sentence imposed as a condition of probation must be applied against a subsequent county jail term imposed as a condition of probation reinstatement and may be credited against fines, for example. (See §§ 19.2, 2900.5, subd. (a); *People v. Arnold* (2004) 33 Cal.4th 294, 301.)

7

However, at the time of the proceedings here, conduct credit pursuant to former section 4019 was "not authorize[d] . . . for time in nonpenal institutions such as state hospitals." (*People v. Sage* (1980) 26 Cal.3d 498, 502-503, superseded by statute on other grounds as stated in *People v. Brunner* (1983) 145 Cal.App.3d 761, 763; accord, *People v. Callahan* (2006) 144 Cal.App.4th 678, 686.)[8]

Defendant was out of custody when the court found her incompetent to stand trial. The court subsequently remanded defendant when it committed her to the Department of State Hospitals. Once defendant's competence was restored, the court released her on her own recognizance. At sentencing, the court awarded defendant custody credit for the time she spent in the state hospital, but she did not receive conduct credit for that period. (See § 1375.5, former § 4019.)

Because defendant was out of custody before and after her state hospital commitment, defendant's argument that a reversal of the trial court's incompetency finding would result in the award of conduct credit for the state hospital time is speculative. It is entirely uncertain whether defendant would have been in county jail—and entitled to conduct credit—had the trial court not found her incompetent to stand trial and committed her. (But see *People v. Leelu* (2019) 42 Cal.App.5th 1023, 1029-1030 [where the trial court proceedings were still pending and the defendant had not yet been sentenced, determining that the defendant's competence restoration did not render her challenge to the trial court's incompetency finding moot because the defendant's

---

[8] We observe that the passage of Senate Bill No. 317 (2021-2022 Reg. Sess.) amended section 4019, effective January 1, 2022, to authorize the award of conduct credit to individuals confined in or committed to a state hospital or mental health treatment facility during competency proceedings. (Stats. 2021, ch. 599, § 3.) Defendant does not raise the amendment to section 4019 or argue that the amended statute applies retroactively to her. (Cf. *People v. Brown* (2012) 54 Cal.4th 314, 323 [concluding that a different former version of "section 4019 is properly interpreted as operating prospectively"].)

"potential custody credits continue to be affected by her commitment," but not discussing defendant's custody status before and after incompetency finding].)

Moreover, with certain exceptions not applicable here, former section 4019 limited conduct credit to defendants "confined in . . . a county jail, industrial farm, or road camp or a city jail, industrial farm, or road camp." (§ 4019, subd. (a)(1)-(6).) The only in-custody period for which defendant did not receive conduct credit was the time she spent in the state hospital. Even if the trial court's incompetency finding was invalid, defendant was not "confined in . . . a county jail" while she was in the state hospital, rendering former section 4019 inapplicable. (Former § 4019, subd. (a)(1).)

Thus, we conclude that the appeal is moot because " ' "[a] reversal . . . would be without practical effect." ' " (*DeLong*, *supra*, 101 Cal.App.4th at p. 486.)

Lastly, defendant argues in her reply brief that even if we conclude that the issue is moot, we should hear the case because it involves an issue of continuing public interest.

An appellate court has the discretion to decide an issue that is moot if "the issue is likely to recur, might otherwise evade appellate review, and is of continuing public interest." (*People v. Morales* (2016) 63 Cal.4th 399, 409.)

We decline to exercise our discretion to decide defendant's claim. The issue of whether the trial court could properly base its incompetency finding on its own observations of defendant's conduct was not contested below. The failure to raise an issue below generally results in the forfeiture of the issue on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880.) To the extent that defendant frames the issue as an insufficient-evidence claim, which is not subject to the forfeiture rule, whether substantial evidence supports the trial court's finding is an issue particular to the facts of this case and does not involve a matter of public interest. We therefore decline to consider these issues in the first instance here.

## IV.   DISPOSITION

The appeal is dismissed as moot.

9

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
DANNER, J.

*People v. Penny*
**H046455**