Filed 12/4/15  P. v. Sarukhanyan CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B260147 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. GA083238) |
| ARAM SARUKHANYAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Suzette Clover, Judge.  Dismissed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Aram Sarukhanyan appeals from the judgment entered following his guilty plea to one count of second degree murder (Pen. Code, § 187, subd. (a)) in which he personally and intentionally discharged a firearm causing the death of the victim within the meaning of section 12022.53, subdivision (d).[1] We dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On the evening of April 29, 2011, as Hilda Engibegian was driving northbound on the 2 freeway in Los Angeles County with her sister, her attention was drawn to a struggle occurring between the two occupants of a nearby automobile, which she thought to be a black Honda or Toyota sedan. The male driver of the automobile appeared to be engaged in a physical altercation with the vehicle's female passenger. Engibegian witnessed "pushing and shoving" as well as punches being thrown. Fearing this altercation was a serious one, Engibegian slowed down to follow the black sedan. Engibegian followed the car as it turned onto the 210 west freeway, all the while witnessing a struggle between the vehicle's driver and passenger. Engibegian called 911 and, while she was reporting the altercation, she and her sister saw the flash of gunfire on the passenger's side of the vehicle.

Shortly thereafter, Timothy Campbell and his wife were driving westbound on the 210 freeway. As Campbell was exiting the freeway, he observed a black vehicle stopped on the shoulder of the offramp. Campbell saw a man run from the passenger side of the vehicle to the driver's door, get in the car, and begin to drive

---

[1]    Unless otherwise specified, statutory references are to the California Penal Code.

[2]    The facts are taken from the preliminary hearing transcript.

away.  Campbell saw a body lying on the side of the road, not moving.  This body later was identified as that of Adrine Arzumanyan.

Concerned that the occupant of the vehicle had "dumped somebody" on the side of the road, Campbell accelerated to prevent the car from passing him.  The two vehicles were involved in a collision, and both Campbell and the driver of the second car exited their cars.  When he exited his car, Campbell was confronted by the driver of the second vehicle, described by Campbell as a male Armenian.  The driver pointed a gun at Campbell and yelled that he was "going to kill" him.  Campbell ran around his vehicle to shield himself from the driver.  The driver re-entered his car and sped away.  Campbell and his wife called 911 to report the incident.

Around the same time, Varooj Carybian, a police officer with the City of Glendale, received a call involving a black sedan indicating that a female possibly had been shot and thrown out of the vehicle.  Officer Carybian responded to the call and saw a vehicle that matched the description of the car, stopped in the southbound emergency lane of the 2 freeway.  Officer Carybian saw Sarukhanyan inside the vehicle.  After other officers arrived, Officer Carybian ordered Sarukhanyan out of the car and saw blood on Sarukhanyan's head.  Sarukhanyan initially told Officer Carybian that his "friend" had shot him, but subsequently told Officer Carybian that he had shot himself.  Officer Carybian searched the vehicle and found a gun in the driver's seat.

On March 29, 2013, Sarukhanyan was charged by information with one count of murder, in violation of section 187, subdivision (a).  The People charged Sarukhanyan with various firearm enhancements (§ 12022.53, subds. (b)-(d)), and alleged that Sarukhanyan used a firearm in the commission of this offense within the meaning of section 1203.06, subdivision (a)(1) and section 12022.5, subdivision (a).  The information alleged that the base murder charge and the

3

firearm enhancements were serious felonies pursuant to section 1192.7, subdivision (c)(8), and violent felonies within the meaning of section 667.5, subdivision (c)(8). Sarukhanyan was charged with a second count of drawing or exhibiting a firearm in the presence of a motor vehicle occupant, in violation of section 417.3.

Sarukhanyan pled not guilty to both counts. Sarukhanyan subsequently made a *Marsden* motion, which was heard and denied. (*People v. Marsden* (1970) 2 Cal.3d 118.) Sarukhanyan's second *Marsden* motion also was denied.

On September 18, 2014, Sarukhanyan entered into a plea agreement whereby he agreed to plead guilty to one count of second degree murder (§ 187, subd. (a)) and admit a firearm allegation (§ 12022.53, subd. (d)). The plea agreement provided for a term of 15 years to life plus a consecutive term of 25 years to life for the firearm enhancement, for a total of 40 years to life. The charged violation of section 417.3 was dismissed. The court ordered Sarukhanyan to pay various fees and restitution.

On November 13, 2014, Sarukhanyan filed his timely notice of appeal, in which he sought to appeal the 25-year sentencing enhancement he received pursuant to section 12022.53, subdivision (d). Sarukhanyan did not receive a certificate of probable cause. After review of the record, Sarukhanyan's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). Sarukhanyan was informed of his right to file a supplemental brief with the court. No supplemental brief has been filed.

## DISCUSSION

Appellant claims that the trial court wrongfully imposed a 25-year sentencing enhancement pursuant to section 12022.53, subdivision (d). However,

4

appellant agreed to this particular sentence as part of his plea agreement. Before entering his plea, appellant was informed by the prosecuting attorney that he was being allowed to plead to "second degree murder . . . for the term of 15 years to life with an additional and consecutive term of 25 years to life for personal use and discharge of a firearm that caused death to another person." Appellant accepted the plea agreement, pled guilty to one count of second degree murder, and admitted pursuant to section 12022.53, subdivision (d), that he personally and intentionally discharged a firearm, causing the death of another.

A certificate of probable cause is required for an appeal challenging the validity of a plea agreement. (*People v. Brown* (2010) 181 Cal.App.4th 356, 359; *see also* § 1237.5.) A defendant's challenge "'to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause. [Citation.]" (*People v. Shelton* (2006) 37 Cal.4th 759, 766.) "In other words, if the defendant agreed to a specific sentence as part of his plea agreement the sentence is an issue that arose before entry of the guilty plea, and in order to challenge that sentence on appeal, the defendant must obtain a certificate of probable cause." (*People v. Vargas* (2007) 148 Cal.App.4th 644, 652.)

Because appellant seeks to challenge a portion of his negotiated sentence which was imposed through his plea bargain, he was required to obtain a certificate of probable cause. (*See People v. Panizzon* (1996) 13 Cal.4th 68, 78 [where trial court sentenced the defendant "in accordance with the previously entered plea," the defendant required a certificate of probable cause to attack his sentence on appeal].) We therefore dismiss his appeal. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1099 [explaining that the appellate court "generally may not proceed to the merits of the appeal, but must order dismissal thereof" where the defendant has not obtained a certificate of probable cause].)

5

We have examined the entire record and are satisfied that no arguable issues exist, and that, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, appellant has received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 112–113.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.



We concur:




EPSTEIN, P. J.




MANELLA, J.


6