Filed 3/1/16  P. v. Hernandez CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAIME HERNANDEZ,<br><br>    Defendant and Appellant. | B263524<br>(Los Angeles County<br>Super. Ct. No.  PA077747) |

APPEAL from an order of the Superior Court of Los Angeles County. Hayden Zacky, Judge.  Affirmed.

Jaime Hernandez, in pro. per.; Law Office of Christopher Nalls and Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In the underlying consolidated actions, pursuant to a plea agreement, appellant Jaime Hernandez pleaded nolo contendere to possession of a controlled substance for sale and possession of a firearm with a prior conviction, and was sentenced in accordance with the terms of the agreement. After his court-appointed counsel filed an opening brief raising no issues, appellant submitted a brief. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist. Accordingly, we affirm.

## PROCEDURAL BACKGROUND

On August 18, 2014, an information was filed Los Angeles County Superior Court Case No. PA077747, charging appellant in count one with possession of a controlled substance for sale (Health & Saf. Code, § 11378), and in counts two and three with possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). Accompanying the charges were allegations that appellant had suffered three prior convictions constituting strikes under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and two prior felony convictions for which he had served prison terms (Pen. Code, § 667.5, subd. (b)).[1]

On August 26, 2014, an information was filed in Los Angeles County Superior Court Case No. PA078593, charging appellant in count one with possession of a firearm with a prior conviction for a violent offense (§ 29900, subd. (a)(1)), in count two with possession of a firearm with prior convictions (§ 29800, subd. (a)(1)), in count three with possession of a firearm after being adjudged a ward of the juvenile court (§ 29820, subd. (b)), in count four with carrying a loaded firearm while actively participating in a criminal street gang

---

[1]     All further statutory citations are to the Penal Code.

2

(§ 25850, subds. (a), (c)(3)), and in count five with possession of ammunition (§ 30305, subd. (a)(1)). Accompanying each count were allegations that appellant committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)), and that he had suffered prior convictions (§§ 667, subds. (a)(1), (d), 667.5, subd. (b)), including three strikes, for purposes of the Three Strikes law (§§ 667, subd. (d), 1170.12, subd. (b)).

In both actions, appellant pleaded not guilty and denied the special allegations. Prior to the consolidation of the actions, they were assigned to the same judge, and appellant was represented by the same court-appointed defense counsel.

Appellant filed motions for pretrial discovery pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. In Case No. PA077747, the trial court granted the motion with respect to two police officers, but determined that there were no discoverable materials. In Case No. PA078593, the court granted the motion with respect to two different police officers, determined there were discoverable materials, and directed their disclosure to defense counsel.

In January 2015, in Case No. PA078593, appellant filed a motion for dismissal of the gang allegations, which the trial court denied.

On March 3, 2015, the trial court denied appellant's motion under *People v. Marsden* (1970) 2 Cal.3d 118 for a new court-appointed attorney. Later, the court granted the prosecutor's motion to consolidate the two actions, and amended the information in Case No. PA077747 to include the five counts alleged in the information in Case No. PA078593, which were renumbered as counts four through eight.

On March 12, 2015, appellant entered into a plea agreement under which he was to be given a total term of 14 years and 4 months in state prison. In accordance with the agreement, appellant pleaded nolo contendere to the charges

3

of possession of a controlled substance for sale (count one) and possession of a firearm with a prior conviction for a violent offense (count four). In addition, he admitted the truth of the gang allegation accompanying count four, and the existence of a 1994 robbery conviction constituting a strike under the Three Strikes law and a serious felony (§ 667, subd. (a)(1)). As provided in the plea agreement, the trial court imposed the three-year upper term on count four and a consecutive eight-month term on count one (one-third the middle term), doubled those terms pursuant to the Three Strikes law, and added a two-year gang enhancement (§ 186.22, subd. (b)(1)(B)) and a five-year prior serious felony conviction enhancement (§§ 667, subds. (a)(1), (a)(4), 1192.7, subd. (c)(28)) to the term imposed on count 4. The remaining counts in the amended information were dismissed. This appeal followed.

FACTS[2]

On September 26, 2013, Los Angeles Police Department officers saw a car driven by appellant fail to stop at a stop sign. When the officers pursued appellant, he parked his car, fled on foot, and threw away a chrome object. After placing appellant into custody, the officers found a loaded handgun near appellant's car.

On August 5, 2014, Los Angeles Police Department Officer Tomas Salazar saw appellant standing outside his residence, which was known as a location for narcotics sales. Salazar knew appellant was a member of a gang called the "Pacas Trece" or "Pacoima 13." For approximately one hour, as Salazar and his partner watched, appellant made brief contacts with people who approached him, engaged in "hand-to-hand" exchanges, and walked away. Later, police officers conducted a

---

[2]     Because no trial occurred before appellant entered into the plea agreement, the facts are based on the evidence presented at the preliminary hearing in Case No. PA077747, and a police report relating to Case No. PA078593.

search of appellant's residence and discovered quantities of heroin, methamphetamine, and cocaine, along with a weigh scale and plastic baggies.

## DISCUSSION

After an examination of the record, appellant's court-appointed counsel filed an opening brief raising no issues and requested this court to review the record independently pursuant to *Wende*. In addition, counsel advised appellant of his right to submit by supplemental brief any contentions or argument he wished the court to consider. In response, appellant submitted a brief asserting several contentions of error.

Appellant's plea of nolo contendere restricts the scope of the appeal before us. Generally, "[w]hen a defendant has entered a plea of guilty or no contest, the bases for an appeal from the resulting conviction are limited . . . ." (*People v. Johnson* (2009) 47 Cal.4th 668, 676.) A defendant must obtain a certificate of probable cause (Pen. Code, §1237.5) to attack the plea agreement itself or the sentence imposed, insofar as "the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of [the] plea agreement." (*People v. Johnson, supra,* 47 Cal.4th at p. 678.) In the absence of a certificate of probable cause, a defendant may contend only (1) that a motion to suppress evidence was improperly denied, or (2) that after the plea, "'errors occurred in the subsequent adversary hearings conducted by the trial court for the purpose of determining the degree of the crime and the penalty to be imposed.'" (*People v. Brown* (2010) 181 Cal.App.4th 356, 360, quoting *People v. Ward* (1967) 66 Cal.2d 571, 574.)

Aside from asserting an intent to challenge the validity of the plea, appellant's notice of appeal states that the appeal is based on "the denial of a motion to suppress evidence under . . . section 1538.5" and "the sentence or other matters occurring after the plea." In requesting a certificate of probable cause to

5

attack the validity of the plea, appellant alleged violations of his federal constitutional rights. In addition, he contended that he received ineffective assistance from his counsel because she failed to challenge the search of his house, and that he was "pushed" to accept the plea agreement.

Under the circumstances of this case, appellant's appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea" (*People v. Cuevas* (2008) 44 Cal.4th 374, 379), as no motion under section 1538.5 to suppress evidence was filed prior to appellant's plea (*People v. Hunter* (2002) 100 Cal.App.4th 37, 41), and the trial court denied his request for a certificate of probable cause (*Cuevas*, *supra*, 44 cal.4th at p. 379). That limitation on the appeal reflects the principle that "'"[w]hen a guilty [or nolo contendere] plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties . . . must abide by the terms of the agreement."'" (*Id.* at p. 383, quoting *People v. Panizzon* (1996) 13 Cal.4th 68, 80.) As appellant's sentence was imposed in accordance with the plea agreement, our review of the record discloses no arguable error within the scope of the appeal.

Although appellant's brief alleges numerous errors prior to his plea, the only contention potentially subject to our review is that his sentence contravened Proposition 36, which amended the Three Strikes law. That contention fails because the trial court correctly applied the amended Three Strikes law in determining appellant's sentence. In entering the pleas of nolo contendere, appellant admitted that in 1994, he was convicted of robbery (§ 211), which constitutes a violent felony (§ 667.5, subd. (c)(9)), for purposes of the amended Three Strikes law (§§ 667, subd. (d)(1), 1170.17, subd. (b)(1)). In view of that prior conviction, the amended Three Strikes law authorized the court to double the terms for counts 1 and 4 (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)). We

6

therefore conclude that appellant's counsel has fully complied with his responsibilities and that no arguable issues exist.  (*Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.