Filed 5/4/22  P. v. Runkle CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078030 |
| v. | (Super.Ct.No. RIF2004230) |
| CRISTIAN ALEJANDRO RUNKLE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed

Cristian Alejandro Runkle, in pro. per.; William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On October 13, 2021, an amended felony complaint charged defendant and appellant Cristian Runkle, and codefendants Merlin Perales Ortiz and Isaiah Rodriguez, with murder under Penal Code section 187, subdivision (a) (count 1).[1]

On October 20, 2021, pursuant to a negotiated disposition, defendant pled guilty to second degree murder and the trial court sentenced him to 15 years in prison.  Defendant executed a plea waiver form, was advised of and waived his constitutional rights, and stipulated to a factual basis for his plea.[2]

On November 3, 2021, defendant filed a timely notice of appeal.  Defendant stated that his appeal was based on "the sentence or other matters occurring after the plea that do not affect the validity of the plea."  Defendant also filed a request for a certificate of probable cause; the court denied the request.

## STATEMENT OF FACTS

The parties stipulated to the following as the factual basis for defendant's guilty plea:

"On November 8, 2020, Defendants Isaiah Rodriguez, Cristian Runkle, [and] Merlin Perales Ortiz, formed a plan to meet with [the victim] with the intention of committing robbery with a firearm.  All three defendants specifically discussed in

---

[1]  The complaint also alleged that (1) as to Ortiz, the murder occurred during the course of a robbery under Penal Code section 190, subdivision (a)(17); and (2) as to Rodriguez, he personally used a firearm during the commission of the offense under Penal Code section 12022.5, subdivision (a).  Codefendants Ortiz and Rodriguez are not parties to this appeal.

[2]  The original abstract of judgement erroneously referred to the conviction as "1st murder."  On March 4, 2022, an amended abstract of judgment corrected the error.

advance that Perales Ortiz would meet [the victim] outside and lead him into her Riverside County apartment, where Rodriguez and Runkle would effectuate the robbery by means of producing a firearm and commanding [the victim] to hand over any money or marijuana. When [the victim] arrived, Perales Ortiz did meet him outside and led him into the apartment. Rodriguez and Runkle were both inside the apartment waiting with the specific intent to rob him and murder him if he resisted the robbery. [The victim] did resist the robbery, at which point Rodriguez shot him with a 9mm firearm, intending to kill him."

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error:

"1. Is [defendant] eligible for relief under Senate Bill No. 1437, which amended the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life?"

We offered defendant an opportunity to file a personal supplemental brief. On April 8, 2022, defendant filed a seven-page typewritten "supplemental brief and motion

3

to dismiss and appoint new counsel for further briefing." In his personal brief, defendant essentially argues that (1) he is eligible for relief under Penal Code section 1170.95; and (2) the evidence is insufficient to support his conviction. Defendant also appears to contend that the court erred (1) "in failing to advise defendant of his right to be formally arraigned before entering [a] judgment of guilty[;]" and (2) "in not accepting the defendant[']s waiver of rights, the plea and admissions on the felony plea form." Moreover, defendant raises the issue whether defendant, who was 17 at the time the underlying offense took place, was properly transferred from juvenile. Furthermore, defendant argues that the "cumulative effect of the errors make it reasonably probable" that a more favorable result to defendant could have been reached.

Defendant, however, is precluded from challenging the validity of his plea on appeal because he failed to timely obtain a certificate of probable cause. "A guilty [or no contest] plea amounts to an admission of every element of the crime and is the equivalent of a conviction." (*People v. Ward* (1967) 66 Cal.2d 571, 574; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094.) "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where ***both*** of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." (Pen. Code, § 1237.5, italics & boldface added.) In this appeal, the trial court denied defendant's request for a certificate of probable cause. Because the trial

4

court denied defendant's request for a certificate of probable cause, which is required for an appeal challenging the validity of a plea (*People v. Brown* (2010) 181 Cal.App.4th 356, 359), he is precluded from challenging the validity of his plea. (*People v. Panizzon* (1996) 13 Cal.4th 68, 77-78.) We, therefore, cannot address the merits of defendant's guilty plea.

We note that defendant additionally argues that his trial and appellate counsel rendered ineffective assistance of counsel (IAC). In order to establish a claim of IAC, defendant must demonstrate, "(1) counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation prejudiced the defendant, i.e., there is a 'reasonable probability' that, but for counsel's failings, defendant would have obtained a more favorable result. [Citations.] A 'reasonable probability' is one that is enough to undermine confidence in the outcome." (*People v. Dennis* (1998) 17 Cal.4th 468, 540-541, citing, among other cases, *Strickland v. Washington* (1984) 466 U.S. 668.) Accordingly, an IAC claim has two components: deficient performance and prejudice. (*Strickland*, at pp. 687-688, 693-694.) If defendant fails to establish either component, his claim fails.

Here, defendant makes two IAC arguments. First, argues that his trial counsel rendered IAC "for failing to recognize that defendant may potentially fall within the provisions of Senate Bills 1437 and 775 as he was not the actual killer and did not [act] with the intent to kill, aid and abet a murder, or was not a major participant in the underlying felony and acted with reckless indifference to human life." Second, defendant

5

requests a new appointed appellate counsel; he argues that his appellate counsel's performance was deficient because he filed a *Wende* brief, instead of making substantive arguments on his behalf. However, as noted *ante*, because defendant has failed to obtain a certificate of probable cause, he is precluded from challenging the validity of his plea. (*People v. Panizzon*, *supra*, 13 Cal.4th at pp. 77-78.) Therefore, defendant has failed to meet the first component of establishing his IAC claim.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error. We are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective review of the judgment entered against him in this case.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.

6